1808

Faget
vs
Brayton

of the state, and was imprisoned, would the defendant be answerable? No. Suppose the slave had taken a knife and cut his own throat, would it be said that the defendant ought to have been standing always by to arrest the blow, and that he, having neglected to do this, is answerable? No. Upon the whole, we think that *Martha Hay* had a right to hire, and that there was no wrong in the defendant in receiving the slave on board as a seaman; that the defendant did all he was bound to do afterwards to ensure the return of the slave, and if he deserted, it was not the defendant's fault; and therefore, it is the opinion of the court, that the defendant is not guilty of a conversion upon the facts so offered and admitted to be proved to the jury. The plaintiffs excepted; and the verdict and judgment being for the defendant, the plaintiffs appealed to this court.

The cause was argued before CHASE, Ch. J. BUCHANAN, and NICHOLSON, J.

*Brice,* for the Appellants, stated, that the principal questions were—1. Whether Mrs. *Hay,* the mother, was guardian by nature, if so, whether as such she had any such power over the property of the children? And 2. Admitting she had such power, whether the defendant has not, by putting the slave in the custody of another person without the knowledge or consent of Mrs. *Hay,* or her children, exercised such an act of ownership over the slave as to amount to a conversion? As to the *first* question, he cited *Fonbl.* 247. *Co. Litt.* 119, b. *(note B.) Brown's Civil Law,* 181; and the act of 1798, *ch.* 101.

*Purviance,* and *S. Chase,* Jr. for the Appellee.

THE COURT said, the action of trover was well brought, and reversed the judgment.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

---

DECEMBER.

If the declaration in an action of replevin does not allege damage to have been sustained, it is fatal.

## FAGET vs. BRAYTON.

APPEAL from *Baltimore* County Court. *Replevin* for a cow. The declaration did not allege any damage to have

Where the declaration in replevin stated the taking of the property to be in *Gay-street*, from the dwelling-house of the plaintiff—*Held,* that evidence of the defendant's having taken the property in *Gay street,* was sufficient without proving that he took it from the dwelling-house of the plaintiff.

been sustained by the plaintiff, (now appellee.) At the trial the defendant, (the appellant,) prayed the court to direct the jury, that as the plaintiff had declared the taking of the cow in question to have been in *Gay-street*, from the dwelling house of the plaintiff, it was incumbent on him, in order to entitle him to recover, not only to prove that the taking was in *Gay-street*, but to prove that it was from the house of the plaintiff in that street. The court, *(H. Ridgely*, Ch. J.) refused to give this direction, but did direct the jury, that if they should be of opinion that the defendant took the cow of the plaintiff in *Gay-street*, that was sufficient to entitle the plaintiff to recover. The defendant excepted; and the verdict and judgment being against him, he appealed to this court.

*Purviance*, for the Appellant.
*Martin, Winder*, and *Rogers*, for the Appellee.

THE COURT concurred with the county court in the opinion expressed in the *bill of exceptions*; but reversed the judgment, because no damages were laid in the declaration.

JUDGMENT REVERSED.

HOGMIRE, *et al.* vs. M'COY.

APPEAL from *Washington* County Court. The appellants brought an action of *trespass q. c. f.* against the appellee. The general issue was pleaded, and plots were returned.

1. At the trial the plaintiffs offered to prove, by a competent witness, that they were in possession of the tract of land called *Long Timber*, mentioned in the declaration, and on which the trespass was alleged to have been committed, as located on the plots by the plaintiffs; and that the defendant committed the trespass mentioned in the declaration, on the land so in possession of the plaintiffs, at the place located by them on the plots. This testimony the county court, *(Clagett*, Ch. J.) refused to admit to be given to the jury. The plaintiffs excepted.

2. The plaintiffs also offered to prove, by a competent witness, that he, the witness, was present when the tract of land called *Long Timber* was originally located or taken up, and that the tract was then located, as now located to prove the original beginning and location of the tract of land.

In an action of trespass *q c f* the plaintiff offered to prove that he was in possession of the land on which the trespass was alleged to have been committed, and that the defendant committed the trespass complained of on the land so in the possession of the plaintiff, at the place by him located on the plots in the cause—Held, that such evidence was admissible.

The plaintiff proved by a witness, that he was present when the land, on which the trespass was alleged to have been committed, was originally located or taken up, and that it was then located, as it now is, on the plots—Held, that the evidence was admissible