## JULIA A. KENNERLY, Ext'x of CALEB KENNERLY, *vs.* JAMES WILSON.

Action of trespass, *q. c. f.*, will lie by an executor for a trespass on real estate committed in the life of the testator.

UPON appeal from Somerset county court, in an action of trespass *quare clausum fregit*, brought by the appellant against the appellee, for trespass committed in the life time of the appellant's testator. To the declaration filed in this case, the defendant put in a general demurrer, and judgment was given by Somerset county court for the defendant on the demurrer. Whereupon the plaintiff prosecuted this appeal.

The declaration charged that the defendant below entered the close of said Caleb in his life time, cut down timber trees and other wrongs to said Caleb, then and there did, to his great damage, &c. Whereupon the plaintiff saith that the said Caleb in his life time was worse and had damage to the value of $300. A second count like it.

Kennerley's ext'x, *vs.* Wilson.

The case was argued before Eccleston, Tuck and Mason, J.

By *Crisfield* for the appellant, and *Jones* for the appellee.

*Crisfield* for the appellant.

The case presents but a single question, can an executor maintain an action of trespass, for injury to the real estate of the testator, "committed in the life time of the testator?" This question, it is believed, has never been before the court of last resort in this State since the passage of the acts of 1785 and 1798.

At common law, actions, *ex delicto*, when the plea was *not guilty*, did not survive to the executor or administrator, but by 4 *Edw.*, 2, *ch.* 7, it is provided, that executors may recover damages for injuries to personal property, committed in the life time of the testator; and by 4*th Wm.*, 4, *ch.* 42, *sec.* 2, executors may maintain trespass, or trespass on the case, for injuries to the real estate of the testator, committed in his life time. 1 *Chitty Plead.*, 67, 68, 69 and 70, top-paging. In England, therefore, at this day, this action by force of the last mentioned statute, could be maintained.

Although at common law this action could not be maintained, yet it is believed a fair construction of the acts of Assembly, will authorise it in this State. The act of 1785, ch. 80, sec. 1, provides, that no action shall abate by the death of either party to such action, and prescribes a mode of continuing the suit, by making new parties. The act of 1798, ch. 101, sub-ch. 14, sec. 4, provides, that no personal action shall abate by the death of either party, but executors and administrators shall notice and conform to the act of 1785, ch. 80, respecting the prosecution or defence of such action.

The act of 1801, ch. 74, sec. 38, provides, that no action of ejectment, waste, dower, partition, *trespass quare clausum fregit,* trover or replevin, shall abate by the death of either party, but upon the death of either party, the action shall be continued; and the heir, devisee, executor or administrator

of the deceased party, as the case may require, may appear to such action, &c.

If this action had been commenced by the testator in his life time, it is clear, that it would not have abated on his death; and it is equally clear, that neither the heir nor the devisee of the land, could have continued it, because the injury having been committed before their right to the land accrued, the claim for damages as compensation, would not descend to them as part of the inheritance; the executor or administrator, must therefore of necessity, be the party to continue the suit.

The act of 1798, ch. 101, sub-ch. 8, sec. 5, provides, that "executors or administrators shall have full power and authority to commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted, except actions of slander, and for injuries or torts done to the person; and they may be sued in any action (except as aforesaid,) which might have been maintained against the deceased."

This is undoubtedly a *personal* action. *Real* actions are those brought for the specific recovery of lands, tenements or hereditaments; *personal* actions are those brought for the specific recovery of goods and chattels, or for damages or other redress, for breach of contract, or other injuries of whatever description, the specific recovery of lands only excepted, *Steven on Pleading*, 3. 1 *Com. Dig.*, title, *Action*, *D.*, 3.

In *real* actions, the proceedings are *in rem*, for the recovery of real property only; and in *personal* actions, they are *in personam*, for the recovery of specific chattels, or some pecuniary satisfaction or recompense. Personal actions are *ex contractu*, *vel ex delicto;* the latter are case, detinue, replevin, trespass, &c.; and the last is for injuries with force to the *person*, to *personal property*, and to *real property*. 1 *Tidd's Practice*, 1, 4, 7.

If this, then, is to be considered a personal action, it is within the letter of the act of 1798, and by the express words of the law, this action may be maintained by the executor.

*Evans* in his *Practice*, 78, sustains very fully this view of the subject; he says: "In torts to property, except the detention of freehold lands, the executor or administrator of the injured party, may sue; ejectment for freehold lands must be brought by the heir."

The Court of Appeals, in the late case of *Brummett vs. Golden's adm.*, at June term 1850, after reviewing the acts of 1785, 1798, and 1801, above referred to, held, that "these several acts of Assembly certainly authorised the institution of this action of trover against the defendants, as administrators, for the alleged conversion by their intestate of the instrument of writing set forth in the declaration." The principle on which this case was determined, is deemed conclusive of the case now under consideration, and the attention of the court is especially invited to it.

No part of the realty is sought in this action by the executor, but he seeks something severed from it. The injury having been committed in the lifetime of the testator, the right to compensation for that injury, is a chose in action, which, on his death, devolved on the executor, and when recovered, it will be assets in his hands.

If the executor cannot support this action, no other person can, and there would then be a wrong, without a remedy.

*Jones* for the appellee.

*Brummett vs. Golden's adm.*, cited by the counsel for the appellant, is a case in which suit was brought *against* an administrator of a wrong doer. There are cases in which an administrator is liable to a suit, and yet in such a case could not sue. The Court of Appeals, in that case, considered the allegation of conversion, to be conversion by the intestate.

The acts of 1785, ch. 80, sec. 1, and 1801, ch. 74, sec. 38, relate to the continuance of suits, instituted by the intestate. If this suit be authorised by any act of Assembly, it is the act of 1798, ch. 101, sub-ch. 14, sec. 4. But the personal actions there spoken of, have relation to the personal estate, and not to the person of the intestate or testator.

14    v.1

See *Brown on Actions at Law*, in 45 *Law Lib.*, 261, 262. 1 *Maul. and Sal.*, 355, *Kingdom vs. Nottle.* 2 *M. & S.*, 469, *Chamberlain vs. Williamson.*

To sustain an action by an executor, it must be for an injury, which lessened the personal estate, which would have gone to the executor. No action of trespass *q. c. f.*, by an executor or administrator, can be found. Trespass *q. c. f.*, is for injury to the possession of plaintiff. It cannot be maintained by a landlord.

See 7 *G. & J.*, 321, *Dorsey vs. Eagle. Roscoe on Actions*, in the 29*th Law Lib.*, 225. 45 *Law Lib.*, 155. *Brown on Actions*, 1 *Ch. Pl.*, 262.

The words, "close of the plaintiff," are absolutely necessary in actions of trespass *q. c. f. Roscoe*, in 29*th Law Lib.*, 234. An executor or administrator never had possession.

The nar discloses no injury to the plaintiff, as executrix. 1 *Chit. on Pl.*, 356. *Steph. on Plead.*, 458. *Mansal on Demurrer*, in 26 *Law Lib.*, 28.

*Brown on Actions*, 279, in 45 *Law Lib.* Damages to the executor must be averred, and the word "as" is important. See *Mansal on Demurrer*, 10, 67, in 26 *Law Lib.* No injury is here stated, as being to the damage of the executrix as such, but the damage is charged to have been done to the testator and done to the realty.

Why trover does not lie against an executor for conversion by his testator: See *Cowp.*, 372.

He insisted, therefore, 1st, that an action of trespass, *q. c. f.*, cannot be maintained in Maryland by an executor, for a trespass committed upon the real estate of the testator in his lifetime; 2nd, that even if such an action could be maintained in this State, yet the judgment of the court below is correct, because of the errors and insufficiences in the declaration.

The opinion of the court was expressed by MASON, J.

This is an action of trespass *quare clausum fregit*, brought by the appellant, as executrix of Caleb Kennerly, against the appellee, to recover damages for a trespass committed on the

lands of the plaintiff's testator in his life time.    No question
is raised by the pleadings or evidence involving the title or
possession of the testator at the time the alleged trespass was
committed, and we are therefore to regard the testator's right
to sue at the time of his death, as unimpeached.    If the plain-
tiff can recover in this action at all, she must of necessity
recover upon the strength of the title and possession of her
testator, for by virtue of her privileges and powers as execu-
trix, alone, she can claim neither.    The question then submit-
ted to our consideration is, did the right of action survive to
the executrix, the plaintiff in the present case?

By our act of Assembly of 1798, ch. 101, sub-ch. 8, sec. 5,
it is provided, that "executors and administrators shall have
full power and authority to commence and prosecute any *per-
sonal action* whatever, in law or in equity, which the testator
or intestate might have commenced and prosecuted, except
actions of slander and for injuries or torts done to the person.

And the act of 1801, ch. 74, sec. 38, provides, that no
action of trespass *quare clausum fregit*, shall abate by the
death of either party, but that the same shall be continued by
the representative of the deceased.

The books upon pleading divide the different actions at
law, into three classes, viz : real, personal and mixed.    Suits
for damages for injury to real property, are classed among
the "personal actions."    If therefore the language of the
act of 1798 is to be construed strictly, the present cause of
action, is in expressed terms, embrac in that law, and made
to survive to the executor or administrator.    But it has been
urged that the words "personal action," are not to be taken
in their technical, strict sense, but are to be regarded as giv-
ing the right to executors and administrators, only to bring
and prosecute suits relating to the personal property of the
deceased.    By the statute 4 *Edw.*, 3, *ch.* 7, and the de-
cisions upon that statute, this was the law in Maryland pre-
vious to the act of 1798, and that act, if the view taken by
the appellee be correct, was but a mere re-enactment of a law
already in force.    We cannot attribute to the legislature any

such design, but must suppose they intended to give a different or literal meaning to the language they employed. If this act was to relate only to suits respecting the personal property, we are at a loss to find a reason, why actions of slander and assault and battery were excepted from its provisions. If the construction contended for be the correct one, then two actions would have been by implication excepted, as well as the action of trespass *q. c. f.* If on the other hand an *express exception* was necessary to exclude the two, (slander and assault,) it would have been equally necessary to exclude this action of trespass. If any confirmation of this view be necessary, we think it is to be found in the act of 1801, which provides in express terms, that an action of trespass *quare clausum fregit,* shall not abate by the death of the testator or intestate, but shall be continued by the representative. Can a valid reason be given why an executor should be empowered to *continue* an action of this kind, and not to commence one? If the damages arising from the injury in the one case, should inure to the benefit of the personal estate, we do not see why they should not in the other.

We are clear in our opinion, for the reasons expressed, that the present action can be maintained.

This court, however, is of opinion, that there is a fatal objection to the declaration, which was sufficient to justify the county court in sustaining the demurrer. The declaration does not conclude by alleging that the plaintiff sustained any damage by reason of the injury complained of, but concludes by averring "that the said Caleb (the testator,) in his life time, was worse, and had damage to the value of $1500, and thereupon this suit is brought." We can find no authority or precedent which would sanction such a declaration.

It has been suggested, that as the injury complained of, and the damages resulting therefrom, were confined to the testator in his life time, that they could not be laid in the declaration as accruing to the executrix. This remark would apply with equal force to all actions by executors sounding in damages, whether for torts or breach of contract. In no case

where the cause of action arose in the life time of the deceased, can it be properly said that the damages actually accrued to the representative who sues for them. The true theory upon which these actions rest, would seem to be, not that the injury to the testator, and the damages resulting therefrom, constituted the immediate cause of action in the executor, but that the withholding of the damages by the party complained of, diminishes the personal assets, and thereby occasions an injury to the representative of the personal estate, which would authorise and require him to sue and lay the damages in his own name. We are at a loss to understand how a verdict and judgment could be rendered upon a declaration where no damages are laid to the *plaintiff.* In the case of *Chilton vs. Jones,* 4 *Har. and John,* 65, Mr. Taney says, in argument "the verdict and judgment are for damages, but there are no damages laid in the declaration. It is not necessary to cite authorities to show that this is fatal." And the court reversed the judgment. It is true that in the case cited, no damages at all were laid, but it is difficult to discover any difference between such a case, and the one now before us, where the damages are laid to a different person from the plaintiff in the action.

Most of the authorities which we have examined, even go to the extent that the plaintiff must not only conclude by alleging damages to himself, but when he sues in a representative capacity, he must conclude by averring damages to himself *in that capacity,* "as executor," for example. The case in 5 *Binney,* 16, and the form in 1 *Har. Ent.,* 698, do not go to that length. This precise point, however, is not involved in this case, and need not be decided.

*Judgment affirmed.*