(Decided 15th of December, 1882.)

.William Clark *vs.* Albert H. Carroll.

*Personal action—Death of defendant after Appeal—Abatement*
*of Suit—Act of 1861, ch. 44.*

Where in an action for malicious prosecution, the plaintiff appeals from a judgment in favor of the defendant, and after the appeal taken the defendant dies, the suit will abate. Such action is not within the contemplation and meaning of the Act of 1861, ch. 44, amending Article 93, of the Code of Public General Laws.

Appeal from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

The cause was submitted to Alvey, Robinson, Irving, and Ritchie, J., for the appellant, on brief, and the motion to dismiss the appeal was argued for the appellee.

Clark *vs.* Carroll.

*William Grason, John Grason,* and *John T. Ensor,* for the appellant.

*Arthur W. Machen,* for the appellee.

IRVING, J., delivered the opinion of the Court.

This suit was brought by the appellant against the appellee for malicious prosecution. Verdict and judgment having been rendered for the defendant, the plaintiff appealed, upon exceptions taken at the trial. Since the appeal, the defendant in the suit, the appellee here, has died. Suggestion thereof has been duly made, accompanied by affidavit of a witness to the fact, which is not controverted, and a motion has been made to dismiss the appeal. In *Baltimore and Ohio Railroad Company vs. Ritchie,* 31 *Md.,* 198, this Court said, "suits for injuries to the person or character, die with the person and cannot be maintained by the representative of the deceased party." Having lost his case upon trial against the appellee, he could not prosecute it again if there should be found error in any ruling at the trial. No *procedendo* could be awarded. The proper disposition of the case, however, is not by dismissal of the appeal as asked in the motion. The practice in such case as established, is to enter the case abated. *Booze vs. Humbird,* 27 *Md.,* 1. That disposition will be made of the case.

*Case abated.*

(Decided 15th December, 1882.)

On the 28th of March, 1883, a motion was made by the appellant to strike out the judgment of this Court in the foregoing case, abating the suit, and to grant a re-argument of the cause. Reasons were filed in behalf of the motion.

The motion was submitted to MILLER, ALVEY, ROBINSON, IRVING, and RITCHIE, J.

*John T. Ensor,* and *Richard Grason and Son,* for the motion.

IRVING, J., delivered the opinion of the Court.

The motion to strike out the judgment of this Court abating the suit, and to reinstate the cause for argument, must be denied. It has been pressed on the ground, that the Act of 1861, ch. 44, is supposed to save this action from abatement by reason of the death of the defendant therein. In this view we do not concur.

By section 105, of Article 93, of the Code, ("title Testamentary Law,") it is provided, that "executors and administrators shall have full power to commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted, except actions for injury, done to the person, and they shall be liable to be sued in any Court of law or equity, in any action, (except as aforesaid,) which might have been maintained against the deceased," &c. The exceptions herein made are identical with those made in section 1, of Article 1, title "Abatement," of the Code, which provides for substituting new parties in case of death. By the Act of 1861, ch. 44, which is relied on, it is enacted, that "the words 'actions for anything done to the person,' used in the one hundred and fifth section of this Article, shall not be held to embrace *actions for illegal arrest, false imprisonment,* or a *violation* of the twenty-first, twenty-third, twenty-eighth and twenty-ninth Articles of the Declaration of Rights, or any of them, or of the existing provisions or any future provisions of the Code touching the writ of *haheas corpus,* or proceedings thereunder; for all which enumerated wrongs actions may be maintained by and against execu-

Clark *vs.* Carroll.

tors, as they may be or might have been by and against the party or parties deceased." In thus amending, or declaring the meaning of section 105, of Article 93, no allusion is made to, or amendment made of, section 1, of Article 1, of the Code, respecting Abatement; but, of course, by necessary implication, Article 1 is similarly amended and its language must be similarly construed. We do not think, however, that this suit is within the terms of the Act of 1861, or was within its contemplation and meaning.

The origin and object of the law is well understood. It was passed at a period of great excitement. The late civil war had just begun, and this Act was intended to meet a supposed exigency for greater security against the wrongs mentioned in the Act. Arbitrary arrests without judicial warrant, and imprisonment without such warrant, were so common at that period, it was thought necessary to preserve the remedy for such wrongs to the legal representatives of the party injured, and against the representatives and estate of the trespasser.

The Act, therefore, should be construed with especial reference to the mischiefs calling it into existence, and which it was intended to redress. Being in derogation of the common law, and of the natural meaning of an already existing statute declaring the law in accordance with the common law, it ought not to be extended beyond the necessary and unavoidable meaning of the terms employed. This suit is for injury done maliciously, under the forms of the law, by setting in motion, without probable cause, the ordinary legal proceedings whereby indictment was found against the plaintiff for receiving goods knowing them to be stolen. It is for malicious prosecution. The law was invoked. The arrest, therefore, was legal, notwithstanding, by acquittal, it is shown to have been unjust. Obviously it does not fall within the class of grievances which the statute of 1861 was intended to meet.

. It is manifest, that if its language could be stretched to include a wrong such as is complained of in this action, it would do serious injustice to the defendant in any such case.     The gist of the action for malicious prosecution is that the prosecution was wanton and without probable cause.     If such an action were permitted to proceed against the representative of a defendant who dies, it would be substantially denying to such representative the only defence open to a defendant, to wit: that there was reasonable and probable ground for instituting the prosecution.     What ground existed for the defendant's conduct and its reasonableness, exclusively rested in the knowledge and heart of the defendant.   The defendant's representative could not be supposed to have the requisite knowledge or means of information necessary to properly defend such a suit.     The law could not have intended such action to survive.

It is true the last count in the declaration is for assaulting the plaintiff and handing him over to an officer by whom he was imprisoned; but there seems to have been no effort to sustain that count.     All the evidence in the record is for the purpose of sustaining the other counts charging the malicious prosecution by procuring an indictment under which the appellant was arrested, tried and acquitted.     There is no exception or question in the record which brings the last count under review.     For the reasons assigned the motion must be overruled.

*Motion overruled.*

(Decided 10th April, 1883.)