Treusch *vs.* Kamke.

(Decided 11th March, 1885.)

---

## CHARLES TREUSCH *vs.* LEOPOLD KAMKE.

*Personal tort—Damages—Declaration—General Demurrer—Jurisdictional fact.*

In an action for a personal tort, the amount of the damages claimed must be laid in the declaration; and if no damages are laid the defect will be fatal on general demurrer.

Treusch *vs.* Kamke.

The amount of the damages claimed in such case is a jurisdictional fact. If the amount exceed one hundred dollars, the Court of Common Pleas has jurisdiction, if it be less than one hundred dollars, a justice of the peace has exclusive jurisdiction.

APPEAL from the Court of Common Pleas.

This action was brought by the appellee to recover of the appellant for the loss of the earnings of the plaintiff's wife in her business, in consequence of injuries to her person produced by the fall of the defendant's canning-house ; for expenses incurred for her medical treatment, and for nursing her while she was confined to her bed. The plaintiff attributed the fall of the canning-house to the defendant's negligence. The case is further stated in the opinion of the Court.

*Exception.*—The Court instructed the jury as follows : If the jury find that the plaintiff's wife was injured, as stated in the instructions in the case of Caroline Kamke, and that said injury was due to the defendant's negligence as set forth in those instructions, and further find that said injury could not have been prevented by the exercise of ordinary care and caution, by either the husband or the wife, then the plaintiff is entitled to recover such damages as will compensate him for the loss of the services and society of his wife, if any he has incurred, or is reasonably likely to incur, and for any loss or damage to his property, cost or expense which the jury may find he has been subjected to by reason of said injury.

The defendant excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, IRVING, and BRYAN, J.

*John B. Wentz,* for the appellant.

*D. Meredith Reese,* for the appellee.

Treusch *vs.* Kamke.

STONE, J., delivered the opinion of the Court.

In this case there was a general demurrer to the declaration. The demurrer was overruled, and the plea of not guilty entered; the case was tried before a jury, and the verdict being against the defendant below, the appellant, he has appealed to this Court. The judgment of the Court below in overruling the demurrer is open for review in this Court.

In deciding upon the question raised by the demurrer, we are confined to the declaration alone, and cannot consider the subsequent verdict.

It is a matter of regret that so much of the Act of 1856, ch. 112, that required the particular grounds of the demurrer to be assigned, should not have been re-enacted in the Code. Without such requirement the attention of the Court and counsel is often not called to the objectionable part of the declaration or plea until the case reaches the appellate Court, and the opportunity for amendment is lost, except at the cost of another trial. The case before us, we think, well illustrates the advantage of the part of the Act of 1856, above alluded to. We are well satisfied that had the attention of either the Court or the counsel been called to the defect, apparent upon the face of this declaration, it would have been amended before the trial. The fatal and only defect in the declaration in this case, at least as to the first and second counts, is the fact that *no damages are laid or claimed in it.* Under the old system of pleading, such omission was certainly fatal, even after verdict. *Faget vs. Brayton,* 2 *H. & J.,* 350, and *Chilton vs. Jones,* 4 *H. & J.,* 62, and *Kennerly's Ex'rx vs. Wilson,* 1 *Md.,* 102. While we must not be understood as deciding that under our present simplified rules of pleading and practice, such omission would be fatal on a motion in arrest of judgment, as that point is not before us, yet it is clear that the omission of all damages in a declaration is a defect in substance, and is fatal on demurrer.

Treusch *vs.* Kamke.

That a declaration which entirely omits the amount of damages claimed by the plaintiff is substantially defective, must be apparent from the consideration that the amount of the damages claimed in an action of tort is, in this State, a jurisdictional fact. The Court of Common Pleas of Baltimore City, in which this suit was instituted, has not original jurisdiction in all cases of tort. It has only original jurisdiction in those cases of tort where the damages laid or claimed *exceed* the sum of one hundred dollars. Where the damages claimed are less than that sum, justices of the peace have *exclusive* jurisdiction. The jurisdiction therefore attaches to one or the other of these tribunals, as the damages are laid and claimed. It must appear affirmatively on the face of the declaration, that the Court in which the suit was brought had jurisdiction to try the case. This not appearing in this *narr.*, we must reverse the judgment, and remand the case for the purpose of allowing the plaintiff an opportunity to amend his pleading.

We see no error in the one instruction given by the Court that is especially applicable to this case. The opinion in the case of Caroline Kamke covers the other points raised in the record.

*Judgment reversed, and*
*cause remanded.*

(Decided 11th March, 1885.)