# BALTIMORE CITY COURT

Filed January 8, 1901.

HORSEY, ADMINISTRATOR OF TERRAZ,

VS.

PENNSYLVANIA RAILROAD CO., ETC.

*Gans & Haman* and *W. Calvin Chesnut* for plaintiff.

*Bernard Carter* and *John J. Donaldson* for defendants.

RITCHIE, J.—

This is a suit instituted by an administrator founded upon injuries to the person of his intestate, alleged to have been caused by the negligence and default of the defendants. A demurrer has been filed to the declaration.

The first ground of demurrer is, that the declaration sets up a claim to recover damages for the death of the intestate. If it does, the objection of course is fatal, for neither at common law, under the Negligence Act, nor under any other statute, can an administrator maintain an action for damages resulting from the death of his intestate.

But the declaration is free from this objection. It sets out the alleged injuries and the damages to the intestate caused thereby, and also *recites the fact* of his death, but it does not aver that his death *was caused* by said injuries. The damages claimed are such as resulted in the life time of the intestate, from the time of the injuries up to the date of his death, but none are claimed for his death. The cause of his death is not disclosed.

The second ground of demurrer is, that the right of action for the injuries alleged died with the person of the intestate and did not survive to his administrator.

The sufficiency of this ground of demurrer depends upon whether or not the common law still applies in Maryland to such an action as this. Important changes from the common law were made in Maryland many years ago in respect to the abatement of suits and rights of action, on the death of parties, where injuries to property were concerned, but in the case of such injuries to the person as are now sued for, the common law prevailed in full force up to the Act of 1888, chapter 262, notwithstanding its hardship in many cases. So far as known this is the first action of the kind brought since the adoption of the present code, but under its provisions it is clear, in my judgment, that such a suit as this may now be maintained.

At common law all personal actions founded on tort, whether for injuries to real or personal property, or to the person, abated on the death of either party, and the right of action died with the person of the injured party or of the wrongdoer.

Ott vs. Kaufman, 68 Md. 56.

In cases of injury to real and personal property this doctrine of the

common law (modified to some extent by Act 4, Edward 3, ch. 7) was abrogated in Maryland by the Acts of 1785, ch. 80; 1798, ch. 101, and 1801, ch. 74, and since their passage personal actions for such injuries have not abated, nor have the rights of action died, on the death of either party, provision being made, as the case may be, for their further prosecution, or their commencement, and for their defense, by the personal representatives. Actions for injuries to the person, however, were expressly excepted from the operation of these statutes.

The adoption of our Negligence Act, in 1852, gave to certain relatives a right of action in the name of the State for the damage caused *to them* by the death of the injured party, when such death was caused by wrongful act, neglect or default; but, while this was an important modification of the common law, it made no change in respect to the right of action for damages caused to *the injured party* during his lifetime.

The Acts of 1785, 1798 and 1801 were codified in 1860, and, so far as their provisions relate to the present question, they appeared in the Code of that year as follows:

Article 2, section 1, provided that no personal action should abate by the death of either party to the suit, except "actions for slander or for *injuries to the person.*"

Article 93, section 105, provided that executors and administrators should have full power to commence and prosecute any personal action whatever, which the testator or intestate might have commenced and prosecuted, "except actions of slander and actions for *injury done to the person.*"

The Act of 1861, chapter 44, made another modification of the common law. It amended section 105 of Article 93, by providing that the exception therein of actions for injury *done to the person* should not embrace actions for illegal arrest, false imprisonment, or certain enumerated actions for wrongs done in violation of rights secured by the Bill of Rights, and that all such actions might be maintained by and against executors.

According to the law, therefore, as it stood after the passage of this Act, the right of action which the injured party had for injuries to the person died with the death of either party, except

as to such rights of action as were saved by the Act of 1861; and so the law stood up to the Act of 1888, chapter 262.

The Act of 1888 provides that "no action hereafter brought to recover damages for injuries to the person by negligence or default shall abate by reason of the death of *the plaintiff.*" In the reprint of the Code of 1888, which incorporated in the code the acts of that year, and was confirmed by the Act of 1890, Ch. 243, that is, in the Code as it now stands, Chapter 262 of 1888 is codified as Section 25 of Article 75; Section 24 of Article 75. [See Code 1860, Article 2, Sec. 1], as amended in the reprint, provides that no personal action shall abate by death . except actions for slander and "actions for injuries to the person where *the defendant dies,*" and Section 104 of Article 93, as amended in the reprint, authorizes executors and administrators to commence and prosecute any personal action whatever, which the testator or intestate might have commenced and prosecuted, "except actions of slander;" and provides that they *may be sued in any action* which might have been maintained against the deceased, "except for slander and *injuries to the person,*" with the proviso that the actions covered by the Act of 1861, above referred to, shall not be held as embraced within the exception of actions for injuries to the person.

It thus appears that under Sections 24 and 25 of Article 75 pending actions for injuries to the person by negligence or default, are now unquestionably saved from abatement on the death of *the plaintiff;* and it seems to be equally clear that, under section 104 of Article 93, construed with sections 24 and 25 of Article 75, the right of action for such injuries, when no suit is pending at the death of the injured party, now survives to the personal representative, though it would not survive if the *wrongdoer* died.

Our law has always allowed the personal representatives to institute and maintain such suits as they were authorized to continue, if pending, and, if there were any doubt under the terms of section 104 as to the right of administrator to institute this suit, the fact that he would undoubtedly have had the right to continue it, had it been brought by the intestate, would tend largely to remove such doubt.

Kennerly vs. Wilson, 1 Md. 108. The three sections must be construed together. Clark vs. Carroll, 59 Md. 183.

But the language of section 104, particularly when read in the light of previous legislation, seems to be too plain to admit of any doubt as to the purpose of the Legislature. That the term "personal action" in this section includes suits for injuries to the person, as well as to real and personal property, is made clear by the context and by judicial interpretation. Kennerly vs. Wilson, 1 Md. 102. And it is decided in the last cited case that, *but for the exception* in the Act of 1898 of actions for injuries to the person, they, too, would have been within its operation, and the common law would in like manner have been abrogated as to them. This exception, which alone kept them within the rule of the common law, has now, in cases like this, been struck out so far as respects the death of the *injured party*, and, in such cases as are within the Act of 1861, has been struck out both as to the injured party and the wrongdoer.

The distinction still maintained between the death of the injured party and that of the wrongdoer, in the case of injuries from negligence or default, is further significant of the purpose of the law. The carefulness with which the Legislature has preserved the common law doctrine in respect to the abatement of suits and of rights of action in this class of cases, when the defendant or wrongdoer dies, makes still plainer its intention to abrogate the common law rule when the plaintiff or injured party dies.

As the law now stands, therefore, an executor or administrator may appear and prosecute, or, if none pending, may institute and maintain, against the wrongdoer, a suit for injuries to the person of his testator or intestate, caused by negligence or default; and it follows that the plaintiff here had the right to commence and may prosecute this suit, notwithstanding the death of his intestate. See 1 Poe, sections 447, 448, 449 and 465 A, and for criticism on common law maxim Pollock on Torts, 57, etc.

This case on the pleadings is one in which the cause of intestate's death does not appear. If the alleged injuries were the cause, or if a concurrent suit for his death therefrom were pending, questions might arise which are not now presented.

The third ground of demurrer is, that if the right of action survives, it survives only so far as to allow a recovery for such loss to *the estate* of the intestate, as may have been caused by the injuries to his person.

The action which the executor or administrator is now authorized to continue, or to commence and prosecute, is the same action which the injured party brought, or might have brought, in his lifetime, and I can see nothing whatever in the law to limit the right of recovery by the personal representative to damage caused to the estate of the deceased.

In actions for personal injuries brought by the injured party, damage to his estate or property may be recovered when caused by reason of the injury to the person, but such damage, when recoverable, is only consequential. The injury to the person is the primary and substantial cause of action, and is the foundation of the suit. Ott vs. Kaufman, supra, 1 Poe, page 580.

In by far the greater number of such suits there has been no loss to property; in many it is so small that no claim for it is made; and when existing and claimed the amount is almost always unimportant in proportion to the direct damages caused by the injury to the person. When this change was made in the law all cases of direct injury to property were already provided for, and it is impossible to suppose that the only purpose of the Legislature in amending the law, was to reach the comparatively unimportant cases of consequential damage done to property by reason of injury to the person.

This third ground of demurrer, so far as the right *to recover* for injuries to the person is concerned, is the same in effect as the second, because it denies the survival of any right whatever to recover for them. It would altogether defeat the action unless there had been some incidental loss to property, and where the injury to person and property both exist, the proposition denies the survival of the right to recover for the personal injuries, the right to sue for which is the right *that is saved from abatement*, and limits the right of recovery to the merely incidental loss to property. There is no such limitation in the terms of the statute and I can see no warrant for the construction urged by defendants.

It is not necessary to define now the measure of damages in such a case as this. It is possible, in view of the special character of some elements of damage, that the executor or administrator may not be able to recover as fully as the injured party could have done, but it is clear that his right of recovery is not limited to the damage incidentally done to the property of the decedent. 1 Poe Section 465 A. Needham vs. Railroad, 38 Vt. · 294. Legg vs. Britton, 64 Vt. 652.

There may be other questions within the scope of this demurrer, but it is agreed by counsel that it shall be taken as raising, for the purpose of this hearing, only the three grounds which have been considered. In accordance with the views expressed the demurrer will be overruled.