**Millard S. Denslow, Appellant, v. Douglas W. Hutchinson, Executor, Appellee.**

### Gen. No. 14,931.

SURVIVAL OF ACTIONS—*malicious prosecution.* By death of the defendant in an action for malicious prosecution, the action abates and it cannot be revived against the personal representative of such deceased defendant.

Action on the case. Appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed February 10, 1910.

**Statement by the Court.** This was an action on the case for a malicious prosecution. While the suit was pending the defendant died, plaintiff suggested his death, and an order was entered that defendant's executor be substituted as defendant. The executor entered a special appearance for the sole purpose of moving that the suit abate by reason of the death of the original defendant, and moved the court to enter such judgment of abatement. The Circuit Court held that the action did not survive against said executor, entered judgment that the suit abate, and plaintiff appealed.

WING & WING and FRED W. BENTLEY, for appellant.

JAMES MAHER, for appellee; JOHN T. MURRAY, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

At common law this action would not survive in case of the death of either the plaintiff or defendant. The only question is, does it survive by force and effect of the clause of section 123, chapter 3, R. S., which provides that "actions to recover damages for an injury to the person (except slander and libel)," shall survive? This section has been held to provide for the survival of any action therein designated if the party aggrieved, or the wrongdoer, or both, should die. Devine v. Healy, 241 Ill. 34-38; Nor. Trust Co. v. Palmer, 171 Ill. 383.

In Massachusetts, under a statute providing for the survival of "actions on the case for damages to the person," it was held that an action on the case for malicious prosecution did not survive. Nettleton v. Dinehart, 5 Cush. 543; Conly v. Conly, 121 Mass. 550.

In Smith v. Sherman, 4 Cush. 408, Chief Justice Shaw said that the provision above quoted, "manifestly extends only to injuries of a physical character."

In Arkansas a statute provides that: "For wrongs done to the person or property of another" an action might be brought by the executor or administrator of the party injured against the wrongdoer. The complaint contained two paragraphs—one for assault and battery and the other for malicious prosecution. Pending the suit the plaintiff died and the action was revived in the name of his administrator, and plaintiff had judgment. It was held that the action for malicious prosecution was not a wrong to the person or property of the plaintiff and therefore did not survive, but the action for assault and battery survived. Ward v. Blackwood, 41 Ark. 296.

In Maryland a statute providing for the survival of

"actions for false arrest or false imprisonment" was held not to include an action for malicious prosecution, and that such action abated on the death of the defendant. Clark v. Carroll, 59 Md. 180.

Pinkerton v. Gilbert, 22 Ill. App. 568, was an action for a malicious prosecution. Berry, one of the defendants, died during the pendency of the suit, and in the opinion of Mr. Justice Bailey said, "the suit was thereby abated as to him."

Section 14 of our statute of limitations provides that, "Actions for damages for an injury to the person or for false imprisonment or malicious prosecution, or for a statutory penalty or for seduction or abduction, or for criminal conversation shall be commenced within two years."

We are of the opinion that the words: "actions for damages for an injury to the person" in the statute extend to and include only actions for damages to the person of a physical character, and that it was not the intention of the legislature that the words should include or apply to an action for a malicious prosecution. The gist of an action for malicious prosecution is that the prosecution was malicious and without probable cause. The arrest or imprisonment of the plaintiff is not of itself the substantive cause of action, but may be shown to aggravate the damage. On the question whether the action survives, the fact that the plaintiff was arrested and imprisoned on the warrant issued on the complaint and affidavit of the defendant, is immaterial. It cannot be held that an action for malicious prosecution survives where the plaintiff is arrested, and does not survive where he is not arrested.

In our opinion the action did not survive, and the judgment that the suit abate was proper and will be affirmed.

*Affirmed.*