## MEESE vs. THE CITY OF FOND DU LAC.

*January 9 — February 3, 1880.*

HUSBAND AND WIFE: Action for injuries to wife. *(1) Query as to separate action by husband, after or pending joint action. (2) Abatement of joint action by death of wife. (3) Rule of damages. (4) Excessive damages.*

1. Whether, under ch. 96, Laws of 1873 (now sec. 2680, R. S.), which provides that, in an action by husband and wife for injuries to the person of the

wife, plaintiffs "*may* claim in the complaint, prove and recover, all the damages sustained by both, and which might otherwise be recovered by separate actions," the husband, after a recovery in a joint action for the injuries to the wife, is barred from maintaining a separate action for the loss of her services, expenses of medical attendance, etc., and whether the pendency of such joint action would be a good plea in abatement of the separate action — is not here determined.

2. The joint action by husband and wife for personal injuries to the wife abates by her death; and the husband may then bring a separate action for loss of services, etc.

3. In such an action, the evidence was that the wife had been an invalid for two years before the injury complained of, but that during that period she had been gradually recovering her health, and that prior to such injury the indications were that she would soon recover. *Held*, that there was no error in refusing to submit for a special verdict the question, what was the value of her services per month during those two years.

4. There being some evidence tending to support the finding of the jury as to the value of the services in question, this court cannot reverse on the ground that the amount awarded is excessive.

APPEAL from the Circuit Court for *Fond du Lac* County. Action to recover damages accruing to the plaintiff by reason of injuries to his wife caused by the defective condition of a public highway in the defendant city. The case is thus stated in part by Mr. Justice TAYLOR:

"Some time in July, 1875, Elizabeth Meese, wife of the plaintiff in this action, was severely injured by being thrown from a buggy in which she was riding across one of the bridges in the city of Fond du Lac. The accident happened by reason of a defect in the bridge; and it is not seriously contended by the learned counsel for the appellant, that the city was not chargeable with knowledge of the defect in the bridge, and therefore bound to compensate the said Elizabeth for the injuries received. About the 26th day of March, 1876, the present plaintiff joined with his wife Elizabeth in an action against the city to recover damages on account of the injuries sustained by the wife, the present plaintiff making no claim in that action for loss of services of his wife, or for moneys expended by him for medical attend-

ance or other expenses which he had necessarily incurred on account of her injuries. This last action was still pending and undetermined on the 15th of March, 1878, on which day the said Elizabeth Meese died. No proceedings have been had in that suit since the death of Elizabeth, and the present action was commenced on the 24th day of May, 1878.

" The city sets out in its answer the commencement of such former action, alleging that the same is still pending and undetermined, and prays that on account thereof this action be abated.

" Upon the trial, it was conceded that the present action was commenced subsequent to the death of Elizabeth Meese, and it was also admitted that an action had been previously commenced against the city to recover damages on account of the injuries sustained by Elizabeth, in which action the present plaintiff had joined as plaintiff with his wife; and it was also admitted that by the complaint in the former action the plaintiffs sought to recover for the damages which the wife had sustained by reason of her personal injuries, and that no claim was made on the part of the present plaintiff to recover for the loss of service of his wife, or for money which he had expended for medical attendance and nursing."

" Upon these facts the defendant insisted in the court below, and insists in this court, that the present action should have been abated."

. Other facts appearing from the record are sufficiently stated in the opinion, *infra*.

There was a special verdict, upon which the court rendered judgment in plaintiff's favor for $831 damages; and defendant appealed from the judgment.

For the appellant, there was a brief by *F. F. Duffy*, with *Wm. D. Conklin*, of counsel, and oral argument by *Mr. Conklin*. They argued that, under the provisions of chap. 96, Laws of 1873, it was competent for the plaintiff to claim in his complaint, and to recover in the former action pending for the

same injury, all such damages as were sought to be recovered in this cause; that if there were no special allegations of loss of services and expenses incurred, in such complaint, plaintiff could prove them under the count for general damages, or could amend at any time; and therefore the refusal of the court to abate this action was error. Upon the question of damages, they contended that the proper rule was the legal, natural and proximate consequences of the act complained of; that such damages must be based upon proofs of positive services rendered, and the money values thereof, at and prior to the time of injury, and which were directly lost by defendant's negligence; and that the refusal of the court to submit for answer the question as to the value of the wife's services during the two years immediately preceding the accident, was equivalent to directing the jury to disregard the actual facts proven, and to estimate speculative, hypothetical and future values. *Vedder v. Hildreth,* 2 Wis., 427; *Brayton v. Chase,* 3 id., 456; *Ripon v. Bittel,* 30 id., 614; *Gear v. Shaw,* 1 Pin., 608; Sedgw. on Damages, 92 to 95, and cases there cited.

For the respondent, there was a brief by *Coleman & Spence,* and oral argument by *Mr. Spence.* They contended, 1. That the right of action in this case was entirely distinct from that in the former suit; that prior to ch. 96, Laws of 1873, the two causes of action could not be united, and it is not necessary they should be now; and that therefore the motion to abate was properly denied. *Shaddock v. Clifton,* 22 Wis., 114; *Kavanaugh v. Janesville,* 24 id., 618; *Hunt v. Winfield,* 36 id., 154. 2. That the testimony established the fact that plaintiff's wife, at the time of her injury, had almost, if not completely, recovered from her previous illness; and in view of such recovery, accomplished or at least reasonably to be expected, it was absurd to claim that the measure of damages was the value of her services during such sickness.

TAYLOR, J. The learned counsel for the appellant contends

that chapter 96, Laws of 1873, now section 2680, R. S. 1878, is mandatory, and if the husband brings an action jointly with his wife to recover damages for an injury sustained by the wife, he must in such action claim his damages for loss of service of the wife, and his expenses for medical attendance, if he desires to recover damages on that account, or be barred from recovering the same; that he cannot maintain a separate action in his own name to recover for loss of service, etc., and at the same time maintain a joint action in the name of himself and wife for injuries to the wife, when both actions are founded upon the same negligent act or acts of the defendant.

As the damages in both cases, when recovered, belong to the husband, there is great force in the argument of the learned counsel, that since the statute has removed the technical objection which at common law prevented the joinder of the two causes of action in one suit, the court should construe this law as mandatory, and not permit the husband in such case to divide his causes of action, and thereby subject the defendant to the cost and expense of two defenses instead of one; that the act, being a remedial act, should be liberally construed to effect the purpose of its enactment, to wit, "to prevent a multiplicity of actions upon the same cause," as specified in the title thereof. As we are of the opinion that the evidence in the case shows that no other action was pending at the time the present one was commenced, it is unnecessary to determine the question whether a judgment in a joint action by the husband and wife, to recover damages for her personal injuries only, would be a bar to a subsequent action by the husband for loss of service, etc., arising out of the same negligence or default of the defendant, or whether the actual pendency of such joint action would be a good plea in abatement to such subsequent separate action by the husband.

It is conceded by the counsel for the respective parties, that the joint action by the husband and wife to recover damage for the personal injuries to the wife abated with her death.

Such action abated at common law, and it is not saved to the husband by our statute. See section 4253; *Woodward v. Railway Co.*, 23 Wis., 400, 405–6; Schouler's Domestic Relations, 107–108; *Purple v. Railroad Co.*, 4 Duer, 74; *Hodgman v. Railroad Corp.*, 7 How. Pr., 492; *Butler v. Railroad Co.*, 22 Barb., 110; *Meech v. Stoner*, 19 N. Y., 26. It is clear, therefore, that the action brought by the plaintiff and his wife, in which the only damages claimed were damages for personal injuries to the wife, abated absolutely at the death of the wife, and could not be prosecuted further by the husband.

But it is urged by the learned counsel for the appellant, that the husband, notwithstanding the death of the wife, might in that action be permitted to amend his complaint, even after her death, so as to claim damages for loss of services, etc., and in that way continue such action against the defendant. It is, perhaps, a sufficient answer to this argument, that the plaintiff does not choose to amend the complaint in that action for that purpose, but chooses rather to permit it to remain abated and commence a new action for the recovery of such damages, as he has in this case. The first action, having abated absolutely as to the cause of action set forth in the complaint, is no more a pending action than though the plaintiff had voluntarily dismissed such action, or suffered a nonsuit; in either of which events the commencement of the former suit would not bar the present action, nor could it be pleaded in abatement as a former suit pending.

It is also urged by the learned counsel for the appellant, that the death of the wife does not of itself abate the action, but in order to get the cause out of court some further action or suggestion must be made therein by the husband or by the defendant. We are at a loss to see what action the husband could take in that case after the death of his wife. The fact of her death takes away all right of the husband to prosecute the same further. It is probable that, upon the sugges-

tion of the death by the defendant, the court might enter a formal order declaring the action abated, or the same entry might be made on the suggestion of the husband. Such entry would, however, be nothing more than evidence of the fact that the action had abated, and not the abatement thereof. The abatement takes place by the death of the wife, and not by virtue of the record which evidences such death.

We think the evidence in this record fails to show that there was a former suit pending by the husband and wife, or either of them, at the time of the commencement of this action, and that the court decided rightly in refusing to dismiss the plaintiff's action for that reason.

The counsel for the appellant alleges as error, that the damages allowed for the loss of service of the wife are excessive. Upon this question the evidence was not, perhaps, of the most satisfactory nature; but there was certainly some evidence to sustain the amount of damages given by the jury. Although the evidence showed that for some years before the accident the plaintiff's wife had been an invalid, still the testimony of her physicians and others who knew her showed that her health at the time the accident occurred was improving, and strongly tended to show that the probabilities were that, had it not been for the injury then received, she would• have been able in a short time to discharge the most important duties of a wife in her family. Upon this point the evidence was fairly submitted to the jury, and this court cannot say, from an inspection of the record, that they were not justified in assessing the damages at the sum fixed by them.

It is also insisted by the appellant, that the court erred in refusing to submit to the jury, as a part of the special verdict, the following question: "What, if anything, was the value of her services per month during the two years she had been an invalid next prior to the accident?" We are unable to see how an answer to this question would have enlightened the court as to the probable value of her services thereafter

had not the accident happened. The evidence showed that during these past two years she had been, most of the time, an invalid; but, if we are to place any confidence in the testimony of her physician, she had been gradually recovering during 'this period, and the indications were that she would soon recover her health and strength. Evidence of the value of the services of a person during the period of a long and prostrating sickness would not tend to enlighten either the court or jury as to what such person's services would be worth for a like period of time on the hypothesis that he had recovered from such sickness. In this case the jury undoubtedly assessed the value of her service upon the theory that the evidence tended strongly to show that but for the accident she would have regained her health; and, as there was some evidence to support this theory, the finding upon that question is conclusive.

· The objection that the question whether the negligence of the wife contributed to the accident, was not fairly submitted to the jury, we think is unfounded. By an examination of the questions submitted to the jury, it will be seen that the jury found that the defect in the bridge which occasioned the accident was not easily seen; that the defect had existed for five days; that the proper city officer had notice of the defect before the accident, and took no means to warn the public of the same; that the vehicle in which the plaintiff's wife was riding was a safe and proper one; that the horse was gentle, and driven by a boy fifteen years old, and she was in the exercise of ordinary care in being in and riding in the carriage in its then condition, with the number of passengers and with the boy driver, under the circumstances proven in the case. We think these findings fairly exculpate the plaintiff's wife from the guilt of contributory negligence, especially as the record does not contain any evidence tending to prove that either she or the boy driver were in any way negligent at the time the accident occurred.

Sable vs. Maloney.

After a careful examination of the record, we are unable to discover any error which would justify this court in reversing the judgment appealed from.

*By the Court.* — The judgment of the circuit court is affirmed.

SABLE VS. MALONEY.

*January 9 — February 3, 1880.*

*Reformation of Deed.*

1. A written instrument will not be reformed on the ground of alleged mistake, unless the party complaining moves promptly after discovery of the mistake; nor then without clear proof.

2. In this case a judgment reforming a deed is reversed for *laches* in failing to bring suit until nearly fifteen years after both parties to the deed had knowledge of the alleged mistake; and also for the insufficiency of the evidence — the testimony of the parties to the deed (who appear to be equally credible) being in direct conflict, and neither being corroborated.

APPEAL from the Circuit Court for *Crawford* County. Defendant appealed from a judgment reforming his deed of conveyance. The case will sufficiently appear from the opinion.

For the appellant, there was a brief by *Coleman & Spence,* and oral argument by *Mr. Spence:*

1. The plaintiff, a remote grantee of John Sable, is neither party nor privy to the deed sought to be reformed, and cannot maintain this action. *Cady v. Potter,* 55 Barb., 463; Story's Eq. Jur., § 165. 2. Prompt action is required of him who would relieve himself from a mistake, especially in the execution of formal instruments in writing under seal. Plaintiff and his grantor, by their laches, have lost any right they may once have had for reformation of the deed in question. Willard's Eq., 69; Story's Eq. Jur., § 1520; *Smith v. Clay,* Amb., 645. 3. The evidence of mistake is not clear and sat-