GOTTFRIED OTT *vs.* ANNA MARY KAUFMAN, execu-
trix OF JOSEPH KAUFMAN, and ANNA MARY KAUF-
MAN.

*Personal action—Abatement of Action by Death of De-*
*fendant—Article 2, section 1 of the Code.*

An action by a husband to recover damages for an assault and battery
on his wife, *per quod* he lost her services, and was obliged to expend
money for medical and other attendance upon her, does not survive
on the death of the defendant, against his executrix.

When the Code (Art. 2, sec. 1,) says an action for a personal injury shall
not survive against the administrator or executor of the defendant,.
it means an action founded on a personal injury, without regard to
the nature of the damages claimed.

APPEAL from the Court of Common Pleas.

This suit was brought by Gottfried Ott to recover from
Joseph Kaufman damages for assaulting and beating the
plaintiff's wife, by which he lost her services and incurred
expense in medical and other attendance upon her.
Pending the suit the defendant died. His death was sug-
gested, and Anna Mary Kaufman, by order of the Court,.
was made a party defendant to the suit, as his executrix,
and in her own right. In such capacity she filed a peti-
tion, as also a plea in abatement, in both which she set out
the nature of the action, and alleged that the same had
abated by reason of the death of the original defendant..
The Court thereupon adjudged that the said plea in abate-
ment was good and sufficient, and dismissed the suit,
holding that the death of the original defendant had caused
the suit to abate. From this judgment the plaintiff ap-
pealed.

The cause was argued before ALVEY, C. J., STONE, MIL-LER, ROBINSON, and BRYAN, J.

*D'Arcy Paul*, for the appellant.

*Wm. Pinkney White*, for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This is an action by a husband to recover damages for an assault and battery on his wife, *per quod*, he lost her services, and was obliged to spend money for medical and other attendance upon her.

Pending the suit the defendant died, and the question is whether the action survives against his executrix?   And this depends upon the construction of section 1 of Article 2 of the Code, which provides that personal actions of every kind, except actions for *personal injuries and slander*, shall survive against the executor or administrator of the testator or intestate.   Actions for personal injuries are thus expressly exempted from the saving clause of the statute, and this would seem to be conclusive as to the question now before us.   The argument however is that the plaintiff is not seeking to recover damages for the personal injury to his wife, but consequential damages, for the loss of her services, &c.   This is true, but the injury to his wife is after all the foundation of the action, and the question whether the action survives on the death of the defendant, depends upon the nature of the action itself and not upon the character of the damages claimed.   At common law personal actions of every kind abated on the death of the sole plaintiff or sole defendant, and if the action was founded on contract a new action would lie against the executor or administrator.   But if the action was founded on a tort, for a wrong committed by the defendant, it did not survive, the maxim being *"actio personalis moritur cum persona."*

Ott *vs.* Kaufman, Exec'x.

*Hambly vs. Troth, Cowp.*, 374; 1 *Saunders*, 216a; *Wentworth vs. Cock, Adm'r*, 2 *Per. & Dav.*, 251.

In the language of Lord MANSFIELD the wrong and the wrong-doer were buried together.

So at common law an action would lie in the name of the husband and wife for the personal injury to the wife, and another action in the name of the husband to recover consequential damages for the loss of her services, but neither of these actions survived on the death of the defendant. And when the Code says an action for a personal injury shall not survive against the administrator or\ executor of the defendant, it means an action founded on a *personal injury*, without regard to the nature of the damages claimed.

Now the case of *Cregin vs. Brooklyn Cross Town R. R. Co.*, 83 *N. Y.*, 596, was based upon the New York statute which provides that actions for wrongs done to the *"property," "rights"* and *"interests"* of another shall survive, and not abate by the death of the plaintiff or defendant. And. in that case where the wife was injured through the negligence of the defendant company, the Court held that the action brought by the husband to recover damages by way of compensation for the loss of his wife's services, and expenses incurred for medical attendance did not abate on the death of the plaintiff. The wife's services, say the Court, were of a pecuniary value to the husband, and a wrong done by which he was deprived of such services was a wrong done to his "rights" and "interests" within the meaning of the statute. There is no such language however as "wrongs done to the rights and interests" of another in our Code, and the decision in that case cannot be accepted as an authority in the construction of our statute.

*Judgment affirmed.*