ÉDWARD H. HARVEY, Administrator, and SUSANNAH
V. HARVEY *vs.* BALTIMORE AND OHIO RAILROAD
COMPANY.

*Abatement of Actions—Death caused by Negligence.*

An action by a husband to recover damages for the killing of his
wife, abates on the death of the husband; section 1, of Article 2,
of the Code of 1860, which provides for the survival of personal
actions, expressly excepting from its operation actions for injuries
to the person.

The fact that the statute provides that the suit shall be brought in
the name of the State, for the use of the person entitled to dam-
ages, creates no contractual relation between the State, the legal
plaintiff, and the defendant, and on the death of the equitable
plaintiff, the suit cannot be carried on in the name of the State.

APPEAL from the Circuit Court for Baltimore County.

Martha Harvey was killed on the 16th of October,
1886. This suit, in the name of the State, to the use
of Edward Harvey, her husband, was instituted on the
10th of December, 1886. It was removed from Balti-
more City on the affidavit of the defendant, and was
tried in the Circuit Court for Baltimore County at
March Term, 1888. Under the instructions from the
Court, a judgment was rendered for the defendant,
which, on appeal was reversed, and a new trial ordered.
(*State, use of Harvey vs. Balto. & Ohio R. R. Co.,* 69
*Md.,* 339.) On the 30th of November, 1888, Edward
Harvey, the *cestui que use,* died. Thereupon his death
was suggested, and a petition was filed by Susannah
V. Harvey, a daughter of the late Martha Harvey,
setting forth that she had suffered a pecuniary loss by
reason of her mother's death, and asking that she be

admitted as an equitable plaintiff. Subsequently a petition was filed by Edward H. Harvey, administrator, asking that he be "admitted as an equitable plaintiff in the further prosecution of this suit, for the recovery of such damages *as the estate* of the said Edward Harvey, deceased, suffered by reason of the death of his said wife." It was claimed below that this suit died with the person of the equitable plaintiff; and the Court, adopting this view, denied both petitions and ordered a judgment of *non-suit.* Thereupon this appeal was taken.

The cause was argued for the appellant, before MILLER, STONE, ROBINSON, BRYAN, and McSHERRY, J. The Court declined to hear counsel for the appellee.

*David G. McIntosh,* for the appellants.

The error of the lower Court was, first, in treating this suit as if it were one brought *for personal injuries suffered by Edward Harvey, the cestui que use;* and, second, in ignoring the fact that he was only an equitable party, and that the State was the legal plaintiff on the record. On the contrary, the right conferred by the statute is a vested property right in all who are within its benefits, from the time of the death in question; the death of the *cestui que use* does not abate the suit; to the extent of any loss to the estate of Edward Harvey, the right of action survives; and the suit, being in the name of the State, and not yet tried, any other use within the statute may be entered.

This is not a suit to recover for *personal injuries* to the equitable plaintiff, but is based on the statutory right of action to recover for the *pecuniary loss* suffered by him by reason of the death of his wife.

The general rule of survival is that in the case of a wrong which has caused *a loss or diminution to the estate,*

the right of action survives.    *Cregin vs. Brooklyn Cross-town R. R. Co.*, 83 *N. Y.*, 595; *James vs. Christy*, 18 *Mo.*, 162; *Kennerly vs. Wilson*, 1 *Md.*, 102–109; *Fister vs. Beall*, 1 *H. & J.*, 31; *Balto. & Ohio R. R. Co. vs. Ritchie*, 31 *Md.*, 191; *Potter vs. The Metropolitan District Railway Co.*, 30 *L. T. N. S.*, 765; *Pitts vs. Hale*, 3 *Mass.*, 321; *Middleton vs. Robinson*, 1 *Bay*, 58; 2 *Wms. Ex'rs*, 6*th Am. Ed.*, *top page* 868, *bottom* 791.

Had his wife been injured only, instead of killed, Edward Harvey, of course, could have maintained a suit for expenses incurred, and loss of her services. Had he died pending such suit, the right of action would have survived.    *Cregin vs. Brooklyn Crosstown R. R. Co., supra; James vs. Christy, supra; Potter vs. The Metropolitan District Railway Co., supra.*    And by force of the statute the suit would not have abated. *Art.* 75, *sec.* 24, *of the Code of* 1860.

The Negligence Act (Art. 65,) preserves the right of action, notwithstanding the death of the injured wife, and also allows the husband to recover for any other pecuniary loss he may have suffered.

Had this statute authorized the husband to sue in his own name in case of the death of his wife, it seems clear that the action, at least to the extent of the expenses, and loss of services, would have survived to his representative.    The law of survival, either as to the right of action, or as to the suit, is not changed by the fact that the statute directs the suit to be brought in the name of the State for the use of the husband.

If it were a case in which the *cestui que use* sued in his own name, the administrator would appear in his own name; but as the statute requires the suit to be brought in the name of the State, as legal plaintiff, the beneficiary, or the administator, as the case may be, necessarily appears as a *cestui que use.*

It is not claimed that the right of action survives to the administrator, except to such extent as the wrong caused a loss or diminution to the estate of Edward Harvey, that is, for the recovery of expenses incurred and the loss of the wife's services up to the time of his own death; it does not survive to the whole extent of what *he* might have recovered. But the right of action may survive in part, and not in whole, and the extent to which it does survive, and the extent of recovery by the administrator, are limited and determined by the instructions of the Court.

"The persons for whose benefit the recovery is to be had have a vested right in such recovery from the moment of the death, and if they die before judgment is had, their heirs take its benefits." 1 *Shearman & Redf. on Negl.*, (4th *Ed.*,) sec. 134, (3d *Ed.*, sec. 297.) See *Waldo vs. Goodsell*, 33 *Conn.*, 432; *Quinn vs. Moore*, 15 *N. Y.*, 432.

The suit is well brought in the name of the State without anything further. In suits for *cestuis que use*, the use need not be set out when suit is brought, nor is it necessary to set it out through the declaration; it is enough to enter the use on the record. The use may be changed, and the death of the equitable plaintiff does not abate the suit, nor is his death the subject of a plea. (*Poe's Prac.*, sec. 206.) There is nothing to distinguish a suit like this from any other suit brought by the State to a use, except that only one suit can be brought, and the statute provides that, with the declaration, the equitable plaintiff on the record shall deliver a full particular of the persons *for whom* and *on whose behalf* the action is brought, and of the nature of the claim for damages. This provision shows that it is especially *the office of the particular* to disclose the use. The use must be set out and the interest disclosed before trial, but the suit can be instituted and can

stand, in the name of the State alone, as legal plaintiff, and the uses be entered according to exigencies.

Any proper use can be entered at any time until trial, and it is not necessary that the use should be entered when suit is brought, nor, if so entered, that it should remain unchanged to the end.

Further, the statute provides that only one action shall lie for the same subject-matter of complaint, that is, that all beneficiaries who seek damages *must* unite in the same action. If any fail to come in they are excluded from all damages, because there can be but one suit, (*Deford vs. State*, 30 *Md.*, 179–208,) but they can come in at any time up to the trial. If it were otherwise; if the use can be entered only when suit is brought, and no further use can be entered, then it would be within the power of one of several beneficiaries, by acting precipitately, and possibly with a purpose, absolutely to control the action, and *exclude all others from the benefit of the statute.* See *State, use of Levy Court vs. Dorsey*, 3 *G. & J.*, 75; *Fridge vs. State*, 3 *G. & J.*, 103, 116; *Logan vs. State*, 39 *Md.*, 177, 186; *Dashiell vs. Mayor, &c., of Baltimore*, 45 *Md.*, 615, 619; *Le Strange vs. State*, 58 *Md.*, 26, 45; *Albert vs. State*, 66 *Md.*, 325; *State vs. Railroad*, 53 *N. H.*, 408.

If therefore death, coverture and infancy are immaterial as far as respects abatement, when the suit is in the name of the State as legal plaintiff, it would seem to be clear that this action did not absolutely die with the equitable plaintiff, but that it was unaffected by his death, and is still a perfectly good, pending suit, ready for the admission of any other use that is within the statute.

*W. Irvine Cross*, for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This is an action by the husband to recover damages for the death of his wife, who was killed by an engine while she was attempting to cross the track of the defendant company. Pending the suit the plaintiff died, and the question is, whether the action thereby abates. The plaintiff died before the Act of 1888, ch. 262 was passed, and the question is not therefore affected by the provisions of that Act.

As to the first point relied on by the appellant, this is fully covered by *Ott vs. Kaufman, Exec'x*, 68 *Md.*, 56. There the suit was brought by the husband to recover damages for an assault and battery on his wife, *per quod* he lost her services, and upon the death of the defendant the Court held the suit abated.

Such actions, say the Court, abated at common law upon the death of the *sole plaintiff* or *sole defendant*, and the Code, which provides for the survival of *personal actions*, expressly excepts from its operation actions for *personal injuries*. *Old Code, sec.* 1, *Art.* 2.

*Cregin vs. Brooklyn Crosstown R. R. Co.*, 83 *N. Y.*, 596, the Court said, was decided upon the language of the New York statute, which is altogether different from our statute.

Then, as to *Potter vs. The Metropolitan District Railway Co.*, 30 *L. T. N. S.*, 765; there the suit was originally brought by the wife as executrix of her husband, and the demurrer to the declaration was overruled, on the ground that the action was in substance an action *ex contractu.* BRAMWELL, J., said, "It is clear that this action is in substance one of contract. Now, here there has been a breach of contract, which has caused a loss, which has fallen upon the personal estate." And on appeal to the Exchequer Chamber, 32 *L. T.*, 26, COLERIDGE, C. J., said: "This is a clear case. It appears to me to be plainly an action *ex*

Harvey *vs.* Balto. & Ohio R. R. Co.

*contractu.* From a breach of the contract on the part of the defendants a loss or damage accrued to the personal estate of the plaintiff's testator."

But then, again, it is said the suit does not abate, because it was brought in the name of the State, and the husband was but the equitable plaintiff, and the *State vs. Dorsey, et al.,* 3 *G. & J.,* 75, and *Fridge vs. State, use of Kirk,* 3 *G. & J.,* 103, and *Logan vs. State,* 39 *Md.,* 177, and other like cases, are relied on in support of this contention. Now, in these cases, the suits were brought on bonds to the State as *the obligee,* and *for a breach of the bonds,* and there was no necessity, say the Court, to enter the use, nor if entered, did it make any difference to the defendant, and the *suits might be* carried on as well *without the use* as *with it.*

But the action in this case *is founded entirely on the statute,* and this statute provides, "that every such action shall be for the benefit of the wife, husband, parent, and child of the person whose death shall have been so caused, and shall be brought in the name of the State of Maryland for the use of the person entitled to damages," &c. *Sec.* 2 *of Art.* 65 *of the Code of* 1860.

Here the statute provides expressly, that the suit *shall be brought in the name of the State for the use* of the person entitled to damages. There is no *contractual relation* in such cases between the State, the legal plaintiff, and the defendant. The State in fact is merely a formal party, and not liable in any manner for the costs. And under such circumstances it can hardly be contended, that upon the death of the equitable plaintiff, the suit could be carried on in the name of the State against the defendant. And, if not, in the absence of a statutory provision to the contrary, the action must abate.

*Judgment affirmed.*

(Decided 1st March, 1889.)