AGNES FORBES, APPELLEE, V. CITY OF OMAHA, APPELLANT.

FILED MAY 10, 1907. No. 14,808.

1. **Cities:** PERSONAL INJURIES: EVIDENCE. In an action for personal injuries as a result of negligence, the fact that the jury has, at the request of one of the parties, inspected the scene of the injury does not necessarily preclude such party from complaining that the verdict is not supported by the evidence, but in this case the evidence does afford such support.

2. **Abatement:** INJURY TO WIFE. A cause of action by a husband for a loss of services and expenditures for medical attendance, etc., occasioned by a negligent and wrongful injury to his wife, is one which survives and is assignable.

3. **Cities:** NOTICE. A statutory notice is sufficient if it contains that which the statute prescribes.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*Harry E. Burnam, I. J. Dunn* and *John A. Rine,* for appellant.

*George W. Cooper* and *J. J. O'Connor, contra.*

AMES, C.

This is an appeal by the defendant from a judgment recovered in an action for damages for personal injuries,

occasioned by a fall on a walk crossing one of the con-
siderably traveled streets of the city, which is alleged to
have been negligently permitted to remain in a defective
and dangerous condition.

The accident occurred on the 5th day of June.  It is
not alleged that the walk was dangerous or defective at
the date of its construction in the month of March pre-
ceding, but the season in the interval was characterized
by frequent heavy rains, which washed dirt over the walk
near one end, where the accident happened, rendering
it muddy and slippery, and gullied the earth out under-
neath it at that place, so that the structure sagged to a
gradient of about one inch to the foot toward one side.
The injury was suffered by slipping from the walk in
the night time and falling upon an iron cover of a man-
hole situated close by.  There is little, if any, conflict in
the evidence as to any important fact.  From at least the
10th day of May onward there were frequent heavy rains,
which washed out a hole at the place of the accident from
16 to 18 inches deep, and the hole had been as frequently
filled by the city with loose dirt, which had been banked
up around the edges of the walk, but the walk itself was
not raised to grade where it sagged.  The walk was three
feet wide, and the north side thereof became and was per-
mitted to remain some three or four inches lower than the
south side at the point where it was muddy and slippery
near the manhole.  One such washout had occurred and
had been partly repaired, in the manner described, on the
2d of June, three days prior to the accident.  We are not
clear how much rain fell in the interval, but on the morn-
ing after the accident the walk was found to be slippery
with mud and inclining to one side, and there was a hole
some 18 inches deep underneath it and around the man-
hole.

At the request of the defendant the jury were permitted
to visit the premises, and how much they were enlightened
by viewing the scene months after the event, when the

rainy season was ended and further repairs had been made, we, of course, do not know, but we are not ready to hold, as we are urged to do by counsel for plaintiff, that such an inspection precludes in all cases the party at whose request it is made from complaining that the verdict is unsupported by the evidence. Notwithstanding such an inspection, after the surroundings are much changed, uncontradicted evidence of unquestioned certainty and evident conclusiveness might still demonstrate that the jury were misled and that their verdict lacked sufficient support. But we do not think that claim in this instance is well founded. A great number of decisions in somewhat similar cases, both by this and by other courts, are cited by counsel for both parties, but such decisions are, of course, upon the peculiar circumstances of particular cases, varying from each other much in detail and as to minor and contributing incidents, so that they can hardly be said to be authoritative upon the facts in this or any other like case. The mere inclination of the sidewalk is not alone conclusive, but must be considered in connection with the condition of its surface, and the hole underneath, and the proximity of the manhole, and the fact, known to the city, of frequently recurring floods and washouts, and the suitableness and sufficiency of the means and methods adopted by the defendant to repair the walk and surroundings, and put and keep them in a reasonably safe condition. Of all these matters, and the like, the jury were peculiarly qualified to judge, and we think that the defendant has no just ground of complaint that the question of negligence was left to their determination.

The petition alleged two causes of action, one for the injury to plaintiff's health and person, and the other as an assignee of a demand for the pecuniary loss and damage suffered by her husband by reason of being deprived of her services, and of moneys expended for medical attendance and treatment, etc. Counsel for defendant contends that this last cause of action, as alleged, is not assign-

able, and that the court erred in submitting it to the jury over his objection. Section 454 of the code enacts that, "in addition to the causes of action which survive at common law, causes of action for *mesne* profits, or for injury to real or personal estate, or for any deceit or fraud, shall also survive," and we understand counsel to concede, what seems to be settled law, that causes of action which survive are assignable. Now it is quite clear that the husband's cause of action was for injury to his personal estate arising out of his obligation to support and care for his wife in sickness and in health, and was so far disconnected from that of his wife that it would not have been affected by her death before suit begun, and that it would have survived to his personal representative in event of his own death. His cause of action is not directly in tort for trespass upon his own person, but as the older lawyers would have said, "in case" for consequential damages to his estate, and as the *bona fides* of the transfer is not questioned we think the objection is not well taken. This view is, we think, supported by the better and more recent authorities. *Baxter v. City of Cedar Rapids,* 103 Ia. 599; *Cregin v. Brooklyn C. R. Co.,* 75 N. Y. 192; *Cregin v. Brooklyn C. R. Co.,* 83 N. Y. 595; *Henderson v. Henshall,* 54 Fed. 320; Pomeroy, Remedies and Remedial Rights (2d ed.), sec. 147.

The statute provided that the city should not be liable in such actions, unless within 20 days after the happening of the accident written notice thereof, "with a statement of the nature and extent thereof, and of the time when and the place where the same occurred," should be given to the mayor or city clerk. A notice conformable to the statute was given within the time specified, but a subsequent clause of the statute requires the clerk to keep a record of the notice, "showing the time when and by whom such notice was given, and describing the defect complained of," and it is hence complained that the notice, to be effectual, must contain such description, but we think it

is sufficient to say that the statute does not expressly or by necessary implication require such description, and it is to be supposed that the legislature intended the clerk to look elsewhere for the information necessary to complete his record. The recent decision of this court in *Wright v. City of Omaha*, 78 Neb. 124, is authority, if any is needed, for holding that the notice is sufficient if it contains what the statute prescribes.

There are other assignments of error, but they are involved in and disposed of by the foregoing discussion and do not require specific decision.

We recommend that the judgment of the district court be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.