# Smith *v.* The Lehigh Valley Railroad Company, Appellant.

*Negligence—Loss of wife's services—Survival of husband's right to recover—Executors and administrators—Act of February 24, 1834, P. L. 70 —"Actions for wrongs done to the person."*

1. The words "except actions for wrongs done to the person" as used in sec. 28, of the Act of February 24, 1834, P. L. 70, giving to personal representatives the right to prosecute actions in which their decedent was a party plaintiff, do not describe a type of action but mean actions to recover for wrongs in the nature of physical injuries done to the person of the plaintiff decedent.

2. A husband's right to recover damages for the loss of the services of his wife through a negligent injury to the wife not resulting in death survives to his personal representatives after his death.

*Negligence—Railroads—Defective rail—Negligence averred—Allegata and probata.*

3. In an action to recover damages for personal injuries the allegata and probata are not out of agreement and there is sufficient evidence to sustain a verdict where the statement of claim avers, that on a certain date the defendant railroad company was operating a train of cars on its railroad in the vicinity of plaintiff's home; "that the said train of cars, through the negligence and carelessness of the said defendant and its employees, left the tracks of the said defendant company on which it was then and there being operated by the said defendant company and its employees, and crashed into the said home, where the said plaintiff was then and there sitting," the impact and shock throwing her from her chair and injuring her, and the testimony is sufficient, if believed, to justify the jury in finding that a defective condition of the defendant's tracks, which had existed for a sufficient length of time to put it on notice, caused one of its cars to become derailed and run into the frame dwelling house occupied by the plaintiff, thereby throwing her to the floor and producing the injuries of which she complained.

*Appeals—Supreme Court—Paper-books—Matter not embraced in statement of questions involved.*

4. Assignments of error which complain of instructions and rulings unrelated to and in no way suggested by the statement of the question involved will be dismissed on appeal.

Argued April 12, 1911.   Appeal, No. 91, Jan. T., 1911,

by defendant, from judgment of C. P. Luzerne Co., June Term, 1907, No. 18, on verdict for plaintiff in case of Mary Smith, administratrix of Anthony Smith, deceased, and Mary Smith v. The Lehigh Valley Railroad Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass by Mary Smith, administratrix of the estate of Anthony W. Smith, deceased, and Mary Smith in her own right, against the Lehigh Valley Railroad Company. When the action was instituted Anthony W. Smith, the husband of Mary Smith, was a plaintiff, but he died before trial, and his administratrix was substituted. Before GARMAN, J.

The statement of claim averred, inter alia, that on January 25, 1906, the defendant company was operating a train of cars on its railroad in the vicinity of the plaintiffs' home; "that the said train of cars, through the negligence and carelessness of the said defendant and its employees, left the tracks of the said defendant company on which it was then and there being operated by the said defendant company and its employees, and crashed into the said home, where the said plaintiff was then and there sitting with her baby in her lap. The impact and shock of the said crashing train was so great that the said plaintiff was thrown thereby from the chair on which she was sitting, violently and with great force against another chair, and was severely injured." Mary Smith claimed for physical injuries and for pain and suffering, and her husband, Anthony W. Smith, for expenses incurred for medicine, medical and surgical attendance and nursing to his wife, as well as for loss of her earnings, services and companionship. Verdicts: for Mary Smith individually, $2,000; and for Mary Smith, administratrix, $500, and judgments entered thereon. The defendant has appealed.

*Errors assigned* were (1) refusal to enter judgment non

obstante veredicto; (2) instruction to the jury: "In esti-
mating the damages to be awarded the estate of her hus-
band the jury are to allow it for the expenses incurred by
Anthony Smith in his lifetime in curing his wife and also
for the loss of her services to him as the husband of said
Mary Smith as the natural result of the accident com-
plained of, and in considering the loss of services the jury
may also estimate the loss of her companionship caused
him by her injuries up to the time of his death, to wit,
August, 1909"; (3) refusal of binding instructions for the
defendant; (4) refusal to instruct the jury that the failure
of plaintiff to produce and read the testimony given by
Anthony W. Smith at the former trial warranted them in
presuming that it was damaging to her case; and instruct-
ing that, as either side might offer the testimony, the fail-
ure of the plaintiff so to do would not warrant more than
an inference that such testimony might be damaging;
(5) refusal to instruct if the jury believed that Mrs. Smith
was up and about on the day that the accident happened,
and thereafter, with nothing apparently the matter with
her, "their verdict should be for the defendant;" and
instructing that if they believed the testimony to that
effect it would go to impeach the credibility of the plaintiff,
and if from such impeachment "you will disbelieve her
entirely your verdict should be for the defendant;"
(6) refusal of defendant's request for charge: "The allega-
tion of negligence in plaintiff's statement being that
defendant 'was operating a train of cars' and that
'the . . . . train of cars through negligence and careless-
ness of the . . . . defendant and its employees left the
track . . . . on which it was then and there being
operated by the defendant company and its employees,'
proof that the car left the track on account of a defective
condition of the defendant's roadbed does not sustain the
plaintiff's allegation, and the verdict must be for the de-
fendant, unless the jury find that the derailment of the
car was due to the defendant's negligence in the operation
of the train of cars," which was declined without reading;

(7) overruling defendant's objection to the admission of certain testimony; (8) sustaining plaintiff's objection to defendant's offer of certain testimony.

*J. B. Woodward,* of *Wheaton, Darling & Woodward,* for appellant.—The variance between the allegata and probata was fatal: Clark v. Lindsay, 7 Pa. Superior Ct. 43; McLean v. Schoenhut Co., 225 Pa. 100.

There was no survival of the action: Cregin v. Brooklyn Crosstown R. R. Co., 83 N. Y. 595; Foels v. Tonawanda, 20 N. Y. Supp. 447; Sweet v. Metropolitan Street Ry. Co., 18 Misc. (N. Y.) 355.

*John T. Lenahan,* with him *James McQuade* and *James L. Lenahan,* for appellee.—The plain reading of the Act of April 15, 1851, sec. 18, P. L. 669, clearly demonstrates, even in the absence of judicial construction, that the judgment in behalf of the husband's administratrix is unassailable: McArdle v. Rys. Co., 41 Pa. Superior Ct. 162.

There was no variance between the statement and proofs: Gulf, C. & S. F. Ry. Co. v. Wilson, 79 Tex. 371 (15 S. W. Repr. 280); Oldfield v. R. R. Co., 14 N. Y. 310; Ware v. Gay, 28 Mass. 106; St. Louis & Southeastern Ry. Co. v. Mathias, 50 Ind. 65.

OPINION BY MR. JUSTICE MOSCHZISKER, July 6, 1911:

This is an action instituted by a wife and husband under sec. 1, of the Act of May 8, 1895, P. L. 54, to recover for personal injuries to the former and consequential losses to the latter. Pending the action the husband died and his wife was appointed administratrix of his estate; she continued the suit and obtained two verdicts, one for $2,000 in her own right, and the other for $500, as the personal representative of the estate of her deceased husband. Judgments were entered on both of these verdicts and the defendant has appealed.

The questions involved as printed in the appellant's paper-book suggest but two points for our consideration:

the first is, "Does action brought by husband for negligent injury to wife not resulting in her death survive to his personal representatives?" To start with, "At common law, a cause of action by a husband to recover for personal injuries to his wife, and for loss of her services and for medical expenses resulting from such injuries, did not survive the death of either party:" 21 Ency. of Plead. & Prac., 341. Generally speaking, a right of action to recover damages for injuries done to person or property did not survive; but this rule was relaxed by the statute of 4 Edw. III, chap. 7, and its supplements, so that thereafter, in certain instances, personal representatives had the same remedy as the decedent himself. While these old English statutes were declared to be in force in Pennsylvania, and were given a liberal construction, still it was held that they had reference only to wrongs which had inured to the benefit of the defendant or increased the assets of his estate at the expense of the personal property of the plaintiff's decedent: Penrod v. Morrison, 2 P. & W. 126; Lattimore v. Simmons, 13 S. & R. 183. But the Act of February 24, 1834, P. L. 70, provided by sec. 26, "The executors or administrators of any person who at the time of his decease was a party, plaintiff, . . . . in any action . . . . shall have full power, if the cause of action doth by law survive to them, to become party thereto, and prosecute . . . . such suit . . . . to final judgment . . . . as fully as such decedent might have done if he had lived . . . .," and by sec. 28, "Executors or administrators shall have power to commence and prosecute all personal actions which the decedent whom they represent might have commenced and prosecuted, except actions for slander, for libels, and for wrongs done to the person; . . . ."

The words "except actions for . . . . wrongs done to the person," as used in this statute, do not describe a type of action but mean actions to recover for wrongs in the nature of physical injuries done to the person of the plaintiff decedent; and in interpreting this statute they have

been so construed: Moe v. Smiley, 125 Pa. 136. At the time the statute was passed a husband had the common-law right "to commence and prosecute" an action in tort to recover for the loss of his "wife's society and services, and for expenses incurred:" 21 Cyc. 1526; Donoghue v. Consol. Trac. Co., 201 Pa. 181. Since the effect of the act of 1834, supra, was to make all actions which a decedent had the right to commence and prosecute survive to his personal representatives, other than those particularly excepted (Miller v. Wilson, 24 Pa. 114, 122), and since the act did not except actions of this character, a husband's right to recover damages for the loss of the services of his wife survives his death.

Before leaving this branch of the case it may be well to note that the phrase "wrongs done to the person" in sec. 28 of the act of 1834, supra, and the phrase "injuries to the person" in sec. 18 of the Act of April 15, 1851, P. L. 669, are similar in meaning (Moe v. Smiley, supra); and that we have uniformly treated the latter as signifying injuries to the person of the plaintiff bringing the action, (Birch v. Ry. Co., 165 Pa. 339; Taylor's Est., 179 Pa. 254; Maher v. Traction Co., 181 Pa. 391; Rodebaugh v. Traction Co., 190 Pa. 358, 362; McCafferty v. Railroad Co., 193 Pa. 339; Edwards v. Gimbel, 202 Pa. 30, 39); and not as designating a type of action arising in whatever way from injuries to the person. The two sections referred to deal with a like subject, and there is no reason why the similar phrases used in each should not be given a like limited meaning. But if they were to be given a broader signification and held to embrace all actions growing out of injuries to the person, then the verdict recovered by the personal representatives of the deceased husband would fall within the remedial provision of sec. 18 of the act of 1851, supra. However, looking at the question for determination in the light of our decided cases, we are brought to the conclusion that the phrases must be construed as before stated, that the act of 1834, supra, saved the action of Anthony W. Smith from abat-

ing by his death, and that his suit could be "prosecuted" by his administratrix "as fully as such decedent might have done if he had lived."

The second question involved as stated by the appellant is, "Can plaintiff recover on proof of negligence not alleged in her statement filed?" The defendant contends that the testimony adduced was not sufficient to support the averment in the statement describing the occurrence which brought the injuries upon the plaintiff, Mary Smith. The testimony was sufficient, if believed, to justify the jury in finding that a defective condition of the defendant's tracks, which had existed for a sufficient length of time to put it on notice, caused one of its cars to become derailed and run into the frame dwelling house occupied by the plaintiff, thereby throwing Mrs. Smith to the floor and producing the ·injuries of which she complained. Under these circumstances we cannot say that the allegata and probata did not agree, or that there was not sufficient evidence to sustain the verdict, if the jury saw fit to accept the testimony of the plaintiff and her witnesses.

The first, second, third and sixth assignments which cover all of the matters comprehended in or suggested by the statement of the questions involved, are overruled; the other assignments which complain of instructions and rulings unrelated to these matters and in no way suggested by the statement of the question involved, are dismissed: Willock v. Railroad Co., 229 Pa. 526. If the appellant desired the points covered by these latter assignments reviewed, it would have been sufficient, after stating the main questions for determination, had counsel added a few words to this effect, "Correctness of instructions as to the effect of nonproduction of certain testimony, and concerning the condition and conduct of plaintiff after accident; rulings on admission and rejection of testimony." If those instructions and rulings were necessarily involved in or suggested by the principal questions stated, then this course would not be required, or desired. While we do not specifically pass upon the assignments in

question, we will say that we are not convinced that the court below fell into any reversible error.

The judgment is affirmed.