# JOHN DEMCZUK

*vs.*

# H. COURTENAY JENIFER, Administrator of Evan Panyskoski, Deceased.

*Death by Wrongful Act—Death of Wrongdoer—Survival of Liability.*

The rule of the common law, that an action for an injury to person or property, for which unliquidated damages only can be recovered, dies with the person to whom or by whom the wrong was done, is in force in Maryland except in so far as it has been modified by statute.         p. 490

An action on account of death caused by another's wrongful act is an action "for injuries to the person" within the meaning of Code, Art. 75, sec. 25, excepting such actions from the statutory provision against the abatement of actions by death. p. 490

An action on account of death caused by another's wrongful act is an action for "injuries to the person" within the meaning of Code, Art. 93, sec. 104, excepting such actions from the statutory provision that executors and administrators may be sued in any action which might have been maintained against the deceased.         p. 491

Code, Art. 67, secs. 1, 2, giving a right of action for wrongful death against "the person who would have been liable if death had not ensued," being in derogation of the common law and hence to be strictly construed, does not, directly or by implication, create a cause of action against the personal representatives of the estate of such person, in the event of his death prior to the recovery of a judgment against him on account of his tort.         p. 493

*Decided May 5th, 1921.*

Appeal from the Circuit Court for Baltimore County (Preston, J.).

The cause was argued before BOYD, C. J., BRISCOE, PATTISON, ADKINS, and OFFUTT, JJ.

*Caleb D. Cherbonnier,* with whom was *Milton Dashiell* on the brief, for the appellant.

*William P. Cole, Jr.,* with whom was *H. Courtenay Jenifer* on the brief, for the appellee.

OFFUTT, J., delivered the opinion of the court.

Evan Panyskoski, on May 27, 1920, shot and killed Mary Demczuk, at Turner's Station, in Baltimore County. Afterwards and before this suit, he died and letters of administration upon his estate were in due course issued to H. Courtenay Jenifer, the appellee.

Thereafter John Demczuk, the surviving husband of Mary Demczuk, brought this action against the administrator for damages resulting to him from the loss of her services as a result of her death through the wrongful act of the decedent. The declaration filed in the case is in the following form, that is to say:

> "John Demczuk, by Milton Dashiell and J. Booker Clift, his attorneys, sues H. Courtenay Jenifer, administrator of the estate of John Panyskoski, deceased:
>
> "For that the said Evan Panyskoski, deceased, did on or about the 27th day of May, 1920, assault and beat and with a revolver did shoot and kill at or near Turner Station, Baltimore County, State of Maryland, Mary Demczuk, the wife of John Demczuk, the plaintiff, and that the said John Demczuk was thereby deprived of the society, comfort and services of his said wife, Mary Demczuk, by the wrongful acts of the said Evan Panyskoski, deceased, wherefore this suit is brought, and the plaintiff claims $5,000.00 damages."

The court sustained a demurrer interposed by the defendant to this declaration, and the plaintiff having declined to amend, judgment was entered for the defendant. This appeal is taken from that judgment.

The only question presented by the record is whether the liability of a person, who by his wrongful act, has caused the death of another, survives the death of the *tort feasor,* when it has not been prosecuted to a judgment during his life, and can be enforced against his personal representatives or estate by one who was entitled to the services of the person so killed.

The maxim *actio personalis moritur cum persona* is generally applicable to actions in form *ex delicto* and "the general rule of the common law was that if an injury were done either to the person or to the property of another for which unliquidated damages only could be recovered in satisfaction, the action died with the person to whom or by whom the wrong was done." *Broom, Legal Maxims* (8th Ed.), 702. This rule of the common law is in force in this State, except in so far as it has been changed or modified by statute. 1 *Poe, Pl. & Pr.,* par. 593; *Ott* v. *Kaufman,* 68 Md. 56; *Stewart* v. *United Elec. L. & P. Co.,* 104 Md. 332. It becomes necessary therefore to examine the statutes in force in Maryland to ascertain whether that rule has been changed in so far as it affects the facts of this case and, if so, to what extent and in what manner. The only statutes we need consider in this connection are codified as Section 25, Article 75, Code Pub. Gen. Laws; Section 104, Article 93, Code Pub. Gen. Laws; and Article 67, Code Pub. Gen. Laws.

Section 25, Article 75, Code Pub. Gen. Laws, provides that "no action of ejectment, waste, partition, dower, replevin or any personal action * * * shall abate by the death of either or any of the parties to such action * * *. This not to apply to actions for injuries to the person where the defendant dies * * *."

Section 104, Article 93, *Ibid,* provides that executors and administrators "shall be liable to be sued in any court of law or equity in any action (except for slander and injuries to the person) which might have been maintained against the deceased." It excludes from the definition of the phrase "injury done to the person" actions for arrest, false imprison-

ment; violation of the twenty-third, twenty-sixth, thirty-first and thirty-second articles of the Bill of Rights.

Article 67, Sections 1 and 2, confers upon certain relatives of a person, whose death has been caused by the wrongful act, neglect or default of another, under circumstances which would have entitled the deceased person, had he survived, to have maintained an action for the injury, the right to an action in the name of the State against the *tort feasor.*

In our opinion the right of the plaintiff to maintain this suit cannot be sustained under any of these statutes.

By their terms, Sections 25, Article 75, Code Pub. Gen. Laws, and Section 104, Article 93, *Ibid.,* do not apply to action for "injuries to the person." The alleged cause of action in this case is the husband's loss of his wife's services as a result of her death through the wrongful act of another, and the question presented therefore is whether that is an action for "injuries to the person," within the meaning of the statutes referred to. There is nothing in the language of either statute to indicate that the expression "injuries to the person" was intended to be limited to injuries to the plaintiff, or indeed to any particular person or class of persons, but on the contrary it was apparently used to define and characterize the class of actions excluded from the operation of the statutes. Used in that sense an action for "injuries to the person" naturally means any injury causing actual physical pain, discomfort or disability to any person, which occasions loss or damage either to such person or to any other person entitled to the benefit of the services of the injured person.

While the loss of the wife's services, for which compensation is sought in this case, did not result from any personal injury to the plaintiff, it did result from a personal injury to the wife and this is therefore "an action for injuries to the person," and is excluded from the operation of the statutes under consideration.

This view is illustrated by the case of *Mulvey* v. *Boston,* 197 Mass. 178, an action by the husband to recover for the

loss of his wife's services as a result of personal injuries to her, in which the court, in construing the expression "injuries to the person" as used in a statute of limitation, said: "The injury to the plaintiff's wife, on which his suit is founded, was an injury to her person. The first question to be determined is whether the husband's action is for an injury to the person within the meaning of the statute. The language of the statute is not restricted to actions for injuries to the person of the plaintiff, and we think it is broad enough to include all actions of tort founded on injuries to the person of any one in such relations to the plaintiff that the injury causes him damage. There is nothing in the context to indicate that the words are used in narrow sense, or that the actions referred to are only those brought by the person receiving the physical impact. The word 'for' is used in its ordinary signification of 'on account of,' 'because or by means of,' or 'growing out of.' See *Strong* v. *Sun Ins. Co.,* 31 N. Y. 103; *State* v. *Cornell,* 54 Neb. 647, 655. The term 'action for a personal injury,' or 'for an injury to the person,' has been given a meaning broad enough to include the present case in the following decisions: *Maxson* v. *Delaware, Lackawanna & Western R. R. Co.,* 112 N. Y. 559; *Hutcherson* v. *Durden,* 113 Ga. 987; *Bennett* v. *Bennett,* 116 N. Y. 584, 587; *Williams* v. *Williams,* 20 Col. 51; *Wightman* v. *Devere,* 33 Wis. 570; *New* v. *Southern Railway,* 116 Ga. 147. While some of these cases may go further than we should be willing to follow, we have no hesitation in deciding that the present is an action for a personal injury, within the meaning of the statute."

Neither can the declaration in this case be sustained under the provisions of Article 67, Code Pub. Gen. Laws. It is neither brought in the manner prescribed by that statute, nor do the facts alleged in the declaration constitute a valid cause of action within the scope of its provisions. That statute requires that any action instituted under the authority contained in it shall be brought in the name of the State for the use

of certain classes of persons designated in it, while this action is brought by the husband alone. But aside from that consideration it is apparent that the facts alleged in the declaration confer no right of action upon the plaintiff against the defendant under the terms of that statute.

In its first section it provides that: "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, *the person* who would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured." Now the language just quoted creates a cause of action against *"the person* who would have been liable if death had not ensued," but it does not directly or by implication create a cause of action against the personal representatives of the estate of such person in the event of his death prior to the recovery of a judgment against him on account of his tort, and as the statute creates a new cause of action and being in derogation of the common law is to be strictly construed, no action can be brought under it unless express authority therefor can be found in its provisions.

It is said in 17 *C. J.* 1233, under the caption "Death of Wrongdoer": "Many survival statutes modifying the common law and authorizing the survival of causes of action have been held not applicable to the statutory action for death by wrongful act, which accordingly abates on the death of the wrongdoer, and cannot be maintained or revived against his executors or administrators." And in *Carrigan* v. *Cole,* 35 R. I. 162, the Supreme Court of Rhode Island, in discussing a similar statute, said: "Under the common law no action for damages by reason of death by wrongful act could be maintained. Lord Campbell's Act, from which our statute before referred to is derived, provided a new and independent remedy for the loss sustained by the widow and children on

account of the death of the person upon whom they were dependent. Lord Campbell's Act, as well as our statute which is taken therefrom, being in derogation of the common law, only confers upon parties and courts such privileges and powers as may be consistent with a strict construction of the terms and language employed. It is not, perhaps, necessary, considering the frequent discussion of this subject and the well-settled rule regarding the construction of statutes which are in derogation of the common law, to repeat here the familiar arguments upon that subject. From an examination of the language above quoted from section 14, Ch. 283, we are unable to discover any intent to confer upon a plaintiff, under the circumstances of the present case, the privilege of pursuing the estate of the wrongdoer through an action commenced, subsequent to his decease, against his administrator. The language of the statute quoted seems to limit the proceeding to 'the person who * *·* would have been liable if the death of the plaintiff's intestate had not ensued.' There is no provision indicating or language which might be construed or from which it might be implied that it was the intent of the statute to provide any remedy against the personal representatives or the estate of a deceased wrongdoer." And in *Devine* v. *Healy,* 241 Ill. 37, the court, considering the effect of an implied amendment of a statute designed to effect the same purpose as the one under consideration, said: "It will be observed that this act did not affect the common law where the wrongdoer died before judgment, and in that event there could be no further prosecution of any action for the wrong."

To the same effect are *Clark* v. *Goodwin,* 170 Cal. 527, L. R. A. 1916 A, 1142, and *Bates* v. *Sylvester,* 205 Mo. 493, 11 L. R. A. (N. S.) 1157, and cases collected in the notes to these cases.

Since these statutes to which we have first referred modifying the common law rule do not affect actions for personal injuries, and do not therefore, in any manner affect or modify the provisions of Article 67, Code Pub. Gen. Laws, and since

that statute does not authorize any action against the personal representatives or estate of one whose wrongful act, neglect or default has resulted in the death of another, the declaration in this case cannot be sustained under its provisions.

And since there is nothing contained in these statutes to remove the supposed cause of action set up in the declaration in this case from the operation of the common law maxim, that *actio pèrsonalis moritur cum persona*, and as the declaration failed to state any facts constituting a valid cause of action against the defendant, it follows that the demurrer thereto was properly sustained, and the judgment appealed from will therefore be affirmed.

*Judgment affirmed, with costs to the appellee.*