# FRANK FOWLIE v. FIRST MINNEAPOLIS TRUST COMPANY.[1]

August 7, 1931.

No. 28,160.

L. K. Eaton, for appellant.

M. H. Boutelle and A. H. David, for respondent.

HOLT, J.

Action to recover for care, treatment, and medical attention for the plaintiff's wife, whose death was caused by the negligence of Ralph A. Parker, of whom the defendant trust company is the administrator. The defendant demurred. The demurrer was overruled, and the defendant appeals.

On June 6, 1929, the plaintiff's wife sustained an injury through the negligence of Ralph A. Parker, who met his death instantaneously by the same act of negligence that injured the plaintiff's wife. As a result of the injury the plaintiff's wife died on July 14, 1929. The plaintiff incurred in the care and treatment of his wife and in necessary medical services and attention as a result of the injury

[1] Reported in 237 N. W. 846.

the sum of $5,000, which he seeks to recover from the defendant trust company, the administrator of the deceased.

The question presented is: Did plaintiff's cause of action survive his wife's death and the death of the wrongdoer who caused her death? The injury negligently inflicted upon the wife gave two separate and independent causes of action, one in favor of the wife for the damages suffered by her personally, and one in favor of her husband for the expenses he was put to in effecting her cure and also for the loss of her services. Mageau v. G. N. Ry. Co. 103 Minn. 290, 115 N. W. 651, 946, 15 L.R.A.(N.S.) 511, 14 Ann. Cas. 551; Libaire v. M. & St. L. R. Co. 113 Minn. 517, 130 N. W. 8; Adams v. City of Duluth, 175 Minn. 247, 221 N. W. 8. Nothing is here claimed for loss of services.

At common law the death of the injured wife did not abate the cause of action of the husband against the one whose tort caused her injury for his consequential damages. Hyatt v. Adams, 16 Mich. 179; Green v. Hudson River R. Co. 28 Barb. 9. In case death results from the injury, the recovery for loss of services and the expenses incurred in the attempt to save her life is limited to the time intervening between the injury and the death. One court has held a husband's cause of action in such a case assignable and hence survivable. Forbes v. City of Omaha, 79 Neb. 6, 112 N. W. 326. In Smith v. Lehigh Valley R. Co. 232 Pa. 456, 81 A. 554, a husband's cause of action similar to the one at bar was held to survive to the administratrix of his estate. That which descends to the personal representative is generally regarded as assignable, and ordinarily assignability indicates survivability. That the husband's cause of action of the sort here in question does not abate on the wife's death is held also in Nixon v. Ludlam, 50 Ill. App. 273; Indianapolis & Martinsville R. T. Co. v. Reeder, 42 Ind. App. 520, 85 N. E. 1042; Meese v. City of Fond du Lac, 48 Wis. 323, 4 N. W. 406.

But here the wrongdoer also is dead; and, under the common law, actions ex delicto abate upon the death of the tortfeasor. Our survival statute does not abate all ex delicto causes of action upon the death of the tortfeasor, but only those coming within the first sentence of the statute, composed of two sentences reading:

"A cause of action arising out of an injury to the person dies with the person of either party, except as provided in § 9657. All other causes of action by one against another, whether arising on contract or not, survive to the personal representatives of the former and against those of the latter." G. S. 1923 (2 Mason, 1927) § 9656.

Section 9657 gives a new cause of action, which does not arise until the death of the injured person occurs and is for the benefit of the surviving spouse and next of kin. In such action there can be no recovery for expenses such as are sued for in the present action, and in this state the cause of action given by § 9657 abates upon the death of the wrongdoer. Green v. Thompson, 26 Minn. 500, 5 N. W. 376. However on the last proposition the authorities are not in agreement, in part due to the difference in the language of the survival statute considered in connection with the Lord Campbell statute of the particular state. See annotation to Claussen v. Brothers, 61 A. L. R. 826 (148 S. C. 1, 145 S. E. 539). It is true that the husband here would not have had the cause of action alleged unless his wife had been injured, and in that sense it may be said that his action arose out of "injury to the person." But the sentence refers to only two persons, the injured person and the one who perpetrated the injury; and we think the cause of action which dies with the death of either one of the two is the cause of action which arose in favor of the one injured for the personal damages suffered, and not for consequential damages suffered by a third party in his estate. Since, as above indicated, the husband's action for consequential damages does not abate by the wife's death nor by his death, for it passes to his personal representative, it is logical and fair to assume that such a cause of action is not within the purview of the first sentence of § 9656, inasmuch as it is limited to a cause of action arising out of injury to the person which dies with the death of either party, and not to a cause which only dies with the death of one party. In other words, a cause of action which abates is one for injury to the person as distinguished from injury to property or estate, but is not confined to bodily injury to the person. Bryant v. American Surety Co. 69 Minn. 30, 71

N. W. 826. We are not without authority in this conclusion. Massachusetts has a survival statute nearly the reverse of ours, so far as here material, reading:

"* * * actions of * * * tort for assault, battery, imprisonment, or other damage to the person" shall not abate by death.

In Hey v. Prime, 197 Mass. 474, 84 N. E. 141, 17 L.R.A.(N.S.) 570, an action by a husband to recover consequential damages, it was said the nature of the damages sued for rather than the form of the remedy is the test for determining whether the cause of action comes within the survival statute; and the court held that the husband's cause of action for consequential damages resulting to him from personal injuries wrongfully inflicted on his wife did not arise from "damage to the person" and hence did not survive the death of the wrongdoer. It is to be noted that no claim is made in this complaint for consortium or for loss of services. The damages are confined to the expenses incurred for medical services and nursing in attempting to cure the injuries negligently inflicted by defendant's decedent. In Howard v. Lunaburg, 192 Wis. 507, 213 N. W. 301, 57 A. L. R. 346, it was arguendo conceded that a husband's consequential damages from loss of his wife's services was a property right that would survive the wrongdoer's death.

Appellant relies on decisions from Maryland. And it may be conceded that the above interpretation placed upon our survival statute diverges from the one adopted by the Maryland courts concerning the statute there in force differing not greatly in substance from ours. Demczuk v. Jenifer, 138 Md. 488, 114 A. 471. Both parties cite decisions from New York, but we consider these not helpful on account of quite different language employed in their survival statute. While holding in Cregin v. Brooklyn Crosstown R. Co. 75 N. Y. 192, 31 Am. R. 459, that a husband's cause of action for consequential damages on account of wrongful injuries inflicted upon the wife did not abate by the husband's death because it was for wrongs to his property rights and did not come within the exception of the statute of "actions on the case for injuries to the person of the plaintiff," the person of the husband not being in-

jured, the cause of action survived to his personal representative. But when the exception of the statute was amended by adding the words "or another," it was held that such action abated on the death of the wrongdoer.

Order affirmed.

WILSON, C. J. (dissenting).

Plaintiff's alleged cause of action rests upon "an injury to the person" of the wife. It is an action for personal injuries. I am unable to see how the statute can be read so as to limit its application "to only two persons." It occurs to me that the statute uses the words "injury to the person" in their general sense describing the injury or character of the cause of action and not merely to point out the person upon whom the injury must be inflicted. I think the statute should be construed as referring to "personal injury" actions.

Since the statute is in derogation of the common law it should be strictly construed.

The authorities amply support defendant's theory that the cause of action died with the death of the wrongdoer. See Ott v. Kaufman, 68 Md. 56, 11 A. 580; Demczuk v. Jenifer, 138 Md. 488, 114 A. 471; White v. Safe D. & T. Co. 140 Md. 593, 118 A. 77, 24 A. L. R. 482; Mulvey v. City of Boston, 197 Mass. 178, 83 N. E. 402, 14 Ann. Cas. 349; Cappuci v. Barone, 266 Mass. 578, 165 N. E. 653.